## John M. Hoffman and another v. John Beard and another.

*Estates of deceased persons: Extension of time to settle estates: Debts: Lien on realty: Limitation.* The time within which an administrator is required to close up the estate under our statutes cannot be extended beyond the period of four and a half years, during which period the creditors have a lien upon the realty belonging to the estate; and the provisions of the statute in this regard operate in effect as a limitation of this lien.

*Estates of deceased persons: Limitation of time for administration: Opening estates once closed: Lands.* The obvious intent of the statutory provisions in this regard was the speedy settlement of estates; and it is not allowable under such statutes to permit an estate to be opened after it has been closed nearly eight years, upon the hearsay averment that the public records show that a person bearing the same name which the deceased did had once owned lands in some other part of the state, which lands were then in the possession of and claimed by third parties.

*Estates of deceased persons: Probate court: Sale of lands: Debts barred.* After the lapse of the period beyond which the probate court is not authorized to extend the time for the payment of the debts and the settlement of the estate, that court has no longer any authority to license the sale of lands belonging to the estate, for the payment of the debts which have been proved against it, and which by the statutes have in the meantime become barred.

*Statute construed: Estates of deceased persons: Claims: Limitation: Personal liability of administrator.* The statute (*Comp. L. 1871, §§ 4462, 4463*), providing for notice to the creditors of the time appointed or limited for the payment of the debts, and giving the creditor two years after the time limited, or if the notice is given after such time, two years after such notice, to demand payment, or have his claim barred, was not designed to enlarge or extend the time in which claims should remain valid against the estate; but its object and intent is to fix a limitation upon the personal liability of the executor or administrator provided for by the previous section.

*Heard April 27. Decided June 15.*

Error to St. Clair Circuit.

*Atkinson & Hawley,* for plaintiffs in error.

*Mitchell & Farrand,* for defendants in error.

MARSTON, J:

Plaintiffs in error brought ejectment to recover possession of certain lands, claiming title thereto under an administrator's deed.

From the petition filed December 20, 1854, in the probate court of Wayne county, it appears that Thomas Scott died November 14, 1854; that immediately previous to his death he was an inhabitant of Wayne county, and was possessed of personal property in said county to be administered. Upon the 8th day of January, 1855, an administrator was appointed. Accounts were presented to the probate court and allowed, during the years 1856 and 1857. Upon the 31st day of July, 1857, after due publication, the administrator presented his final administration account and the same was examined and allowed, and an order made, reciting the payment of the expenses of administering the estate, and ordering the administrator to pay to each of the creditors whose claims had been allowed, the sum of thirty cents upon the dollar of their respective claims, and it was further ordered "that on filing receipts of creditors of their pro rata assets, a quietus do issue to said administrator."

Nothing further appears to have been done until the 23d day of February, 1865, when the administrator presented to the probate court a petition, setting forth the amount of claims that had been allowed, the payment made by him thereon, and the balance still due, and then proceeded as follows: "That he was not aware until Monday of the present week that said Scott (the deceased) died seized of any real estate, but that on said day he was informed by a party representing the whole of said indebtedness of said estate, that the records of St. Clair county show that said Scott was the owner at the time of his death, and still is, of an

undivided one-third interest in certain described lands in St. Clair county; that he was also informed by said party that said lands are in the possession of parties claiming the title thereto, but who have refused to exhibit their deeds or sources of title; that he has no means of knowledge of the condition or value of said lands, or of the interest of the said Scott therein, except as above stated." Upon the 11th day of April, 1865, the probate court authorized and licensed the administrator to sell the lands, who afterwards reported that on the 14th of June, 1865, he offered the land for sale in separate parcels and could get no bidders; that he then offered the whole property together and sold the same to John M. Hoffman and Thomas S. Skinner for one hundred dollars. This sale was confirmed and a deed executed, which was offered in evidence upon the trial, and to which defendants made several objections which were sustained by the court, and defendants had judgment, and plaintiffs remove the cause to this court upon writ of error.

From the above statement it will be seen that the claims for payment of which the lands in question were sold, were allowed in 1856 and early in 1857; that July 31st, 1857, an order of distribution was made, and that, upon filing receipts showing payment thereof, a quietus do issue ; that upon the 23d of February, 1865, the petition was presented for leave to sell this property, the order was granted on the 11th day of April, and the sale made the 14th day of June, 1865, nearly eleven years after the death of Scott, and eight years after the allowance of these claims, the order of distribution of the assets, and allowance of the final account of the administrator. The seventh, eighth, ninth and thirteenth objections made to the introduction of the administrator's deed in evidence were in substance, that the claims for the payment of which license to sell was granted had ceased to be claims against the estate; that after five years had elapsed from the granting of administration, without any order made continuing the administration or granting further time in which to settle the estate

or pay debts, the administrator and probate court had no further power or jurisdiction over the estate.

We think the court did not err in sustaining these objections..

By the *Revised Statutes of 1846* commissioners were to be appointed for the purpose of examining and allowing claims against the deceased. The probate court was to allow such time for the creditors to present their claims as the circumstances of the case should require, which time should not in the first instance exceed eighteen months. This time might, however, be extended, but not so that the whole time should exceed two years. Although under certain circumstances the commission might be renewed three months, upon application made within six months from the time previously limited.—§§ *1, 5, 6, p. 290.*

It will thus be seen that when commissioners were appointed the time within which creditors could present and have claims allowed against the estate could not in any event exceed two years and nine months from the time the commissioners were appointed. If not presented and allowed within that time, they were in effect barred. They could not be allowed by the commissioners or court after that time, and the statute provided that creditors should not commence any suit against the executor or administrator upon claims against the estate.—§ *15.*

In case commissioners were not appointed, then persons having lawful claims against the deceased could prosecute the same against the executor, administrator, heir, etc.—§ *59.* No time seems to have been fixed within which such action should be brought, so that it would have been governed by the general statute of limitations then in force, and if not brought within that time, would have been barred.

By *section 31, p. 294,* the probate court, at the time of granting letters testamentary, was required to make an order allowing the executor or administrator a time for *disposing of the estate,* and paying the debts and legacies of the de

ceased, which time should not in the first instance exceed one year and six months; this time might be extended upon application, not exceeding one year at a time, nor so that the whole time allowed to the original executor or administrator should exceed four years. In case a new administrator was appointed, the probate court could extend the time for the payment of the debts beyond the time allowed the original executor, not exceeding six months beyond which the court might allow the original executor.—§§ *32, 33, 34, 35.* This, it will be seen, would limit the time for disposing of the estate and paying the debts and legacies in any event to four years and six months. The presentation and allowance of contingent claims is also provided for.—§§ *45 to 51.*

Upon the claims being presented and allowed, the commissioners are to report to the probate court, and if the executor or administrator has sufficient to pay all the debts, he is to pay the same in full within the time limited by the court for paying them,—§ *35,*—which we have already seen could not in any event exceed four years and six months. If, however, the assets were insufficient, then by an order of the probate court, after paying certain debts in full, the balance of the assets are to be distributed among the creditors.—§ *38.* And upon the making of such decree, the executor or administrator becomes personally liable to the creditors for their debt, or the dividend thereon, and is also liable on his bond therefor.—§ *42.*

The effect of these various provisions, we think, is to point out not only the manner, but to limit the time within which claims shall be presented against an estate, and the time within which the estate shall be closed. During the time here fixed, the creditor has a lien upon the real estate of the deceased for the payment of his claim in case the personal property proves insufficient for that purpose, and these statutes were designed and intended as a limitation of this lien. Were it otherwise, the real estate of a deceased person could never safely be transferred, as claims might

afterwards bo presented and allowed, so that a purchaser could not have that security which is so essential and requisite in the transfer or purchase of real estate. It would also prevent the heir from dealing with it or disposing of it, on account of the uncertainty which would exist as to the claims or demands which might rise up against it.

The clear object and intention of these various provisions was the speedy settlement of the estate, and it would be grossly unjust to permit an estate to be opened, after it had been closed the length of time this one had, upon the mere hearsay statement that the public records showed that a person bearing the same name which the deceased did had once owned lands in some other part of the state; which lands were then in the possession of and claimed by third parties. If an estate could be opened and lands sold under such circumstances, we do not know where a limit could well be placed, and the result would be that many titles would become very uncertain, especially if the deceased, against whom the claims were outstanding and unpaid, bore the familiar name of John Smith.

We are of opinion, therefore, that the accounts allowed in this case were not a proper and valid claim against the estate of Thomas Scott at the time the license to sell the property in question was granted; that the estate had previously been closed, and that the probate court had no power to order a sale of the real estate to pay debts already barred by our statutes. The time fixed by our statute for disposing of the estate and for paying the debts, had expired long before the license was granted in this case, and the probate court could not in this manner extend the time. It was beyond his power so to do, and he had no discretion or authority in the premises.—See *Campau v. Gillett, 1 Mich., 416, and cases there cited, and Estate of Godfrey, 4 Mich., 314.*

It is said, however, that *section 43*, in providing that the probate court may, upon application of the executor or administrator, cause notice to be given to the creditors of the

time appointed or limited for the payment of their debts, and that the creditor has two years after the time limited, and if notice is given after such time, two years after such notice, to demand from the executor or administrator his debt or dividend, or that his claim be barred; and that as it does not appear in this case that such notice was given them, the creditors' claims were not barred, and that these provisions are inconsistent with the idea that the time for paying the debts is a limit to the jurisdiction of the court over the estate.

Such is not, however, we think, the effect of this provision. The previous section makes the executor or administrator personally liable after the time of payment has arrived. Being personally liable to the creditor, the latter would have the usual time and remedy for enforcing that liability. The object and intention of *section 43* is to limit and fix a time within which the administrator may be released from this personal liability. He may apply to the probate court for an order, the effect of which shall be to bar the creditor after two years, in case he neglects during that time to demand from the administrator his debt or dividend thereon.

This provision does not and was not designed to enlarge or extend the time in which claims should remain valid against the estate. The effect of such a construction would be directly contrary to the positive provisions of the sections we have above referred to, and would be to leave with the executor or administrator, by neglecting to apply for such an order, the power to render the claims perpetual, and postpone the final settlement of the estate indefinitely, at his option. The danger of such a construction is well illustrated in this case.

As this, we think, disposes of this case, we do not consider it necessary to consider the other questions raised.

The judgment must be affirmed, with costs of both courts, and the record remanded.

The other Justices concurred.