ROBERT D. WINEGAR v. ALBERT M. NEWLAND AND DAVID P. WEEKS, ADMINISTRATORS.

*Claims against estates—Liability of executor—Intent no ground of equitable jurisdiction.*

A father obtained the allowance of a claim against his son's estate, but the son's widow, who was his executrix, refused to pay it, and conveyed away the property out of which it should have been satisfied, and the estate remained unsettled. *Held,* that his remedy was not in equity, but, if not lost by neglect, was in the probate court, where in spite of the conveyances the land was liable in due course of administration and for a limited period, to the claims of creditors, and after the arrival of the time of payment the executor was liable personally or on his bond.

Where a claimant against an estate neglects to take advantage of the means provided by statute for satisfying his claim, he has no remedy at law or in equity.

Intent does not bring a case within equitable jurisdiction if the act to which it attaches does not supply an equitable cause of action.

Appeal from Clinton. Submitted June 18. Decided October 13.

BILL for accounting by administrators. Demurrer over-ruled below. Reversed : bill dismissed without prejudice.

*Alex. W. Dodge* for complainant. Equity can enforce as against a devisee of lands the lien of a creditor of the estate : Bisp. Eq. 467 ; Story's Eq. Jur. §§ 1244–6.

*O. L. Spaulding* for defendant. A creditor of an estate can enforce his claim only through the administrator, who need not sue for his benefit unless indemnified : *Morris v. Morris* 5 Mich. 171.

GRAVES, J. This bill was filed in January, 1875, and the defendants joined in a general demurrer which was allowed as to the defendant Weeks, but overruled as to the defendant Newland, and he appealed. A reference to the material facts is necessary.

The bill states that complainant's son Ira Winegar in September, 1869, owed him $400 and then gave him his note therefor payable with interest at ten per cent. in 14 months after date ; that in February, 1870, the said Ira made his will and subject to the payment of debts bequeathed to each of his two children $250 and gave the residue of his property, including his farm, which he supposed to be worth $4000, to his wife Ruth E. E. Winegar, and appointed her to be executrix ; that he died the same day, and the will was soon proved and allowed, and its execution committed to the widow pursuant to its provisions ; that subsequently and in June, 1871, the probate court appointed commissioners to decide upon any claims against the estate, and complainant presented his demand before them for allowance, and they allowed the same at $558.57 ; that frequent application was made to the executrix to pay this allowance, but she neglected and refused, and that the same has remained due and wholly unpaid ; that on the 30th of December, 1871, she deeded the farm mentioned in the will, and which was then worth $3000, to one Julius S. Newland for the nominal considera-tion of $400, and on the next day intermarried with him ; that the estate was unsettled, and both had knowledge of the

circumstances and of the existence of complainant's claim and of his right to payment out of the property of the estate; that in January, 1872, the said Julius S. Newland and the said Ruth, then being his wife, joined in a deed of said farm for the nominal consideration of $1500 to his father, the defendant Albert M. Newland, who, according to the belief of complainant, was aware of the circumstances and took conveyance subject to the debt in question; that the said Ruth having ceased to be executrix by reason of her marriage, the court of probate in May, 1873, appointed the defendant Weeks to be administrator of the estate with the will annexed, and he immediately assumed the duties, and has continued hitherto as such representative; that as complainant is informed, said administrator has, however, "done nothing by way of closing up the affairs of said estate, and though repeatedly requested to go on, and out of the estate left by the said Ira, deceased, make and realize the money necessary to and pay complainant the amount of said indebtedness, but thus far has neglected and refused so to do, alleging that no property belonging to said estate has come into his possession, and that he will not take upon himself the risks of litigation for the property;" that there is now no other property belonging to said estate out of which can be made any part of said claim, and complainant has requested said administrator to prosecute the proper proceedings at law to raise the necessary sum out of said farm to satisfy it, but he has refused to move in the matter; that, as complainant is informed, the said Ruth removed to California after her marriage and is now insolvent; that the bill is filed on behalf of all creditors of the estate, but so far as complainant has been able to ascertain nothing remains unpaid except this demand of complainant and the two legacies.

It is not perceived that any ground is set forth here for equitable cognizance. Complainant's remedy, if not lost by neglect to take steps in season, is in the court of probate. And if it has become impracticable to prosecute redress in that forum by reason of having failed to move seasonably, it

neither widens the scope of equity nor gives him any title to proceed in chancery.

According to the case the estate left by the son was solvent and the farm was subject to debts. The claim of complainant is said to have been duly allowed and to remain wholly unpaid. Supposing the state of things to be as represented, the farm was liable by due course of administration in the probate court, and the deeds mentioned did not prevent it. Comp. L. §§ 4322, 4350. Whatever their force they were certainly subject to the prescribed administrative remedies for subjecting real property to the claims of creditors, and the statute enabled complainant to compel the proper action in the court of probate. §§ 4454, 4457, 4460, 4461, 4462, 5200.

The creditor is not confined even to a resort to the assets. The law is express that after the arrival of the time of payment the executor or administrator shall be personally liable, or upon his bond. § 4461, *supra*. If by neglect or choice the complainant allowed his proper and lawful opportunity to run by, he can ask neither law nor equity to help him. § 4463. In all classes of remedial proceedings there is a fixed limit, and in respect to estate cases it is considered wise to make it short. There is no pretense of any homestead question to interfere with the ordinary course of administration, and the record is barren of facts to indicate that complainant was not able to obtain adequate redress in the tribunal set up for the disposal of such matters. It is hence unnecessary to refer to any right he might have had under other circumstances to any proceeding here to compel specific steps by the judge of probate. Neither is it needful to consider whether the administrator with the will annexed might or might not, before or after license, maintain a bill against these conveyances or whether a purchaser at administrator's sale might do so. These points, if arguable, are outside the case. According to the representations of the bill the matter of settlement of the estate is still pending and unfinished in the court of probate, and the facts fail to show any ground for controversy in equity between complainant as a general

creditor of the estate, and the defendant Newland who holds
a title to the farm derived from the devisee. So far as now
appears the complainant could gain a position from which to
attack that title whatever may be its force, in no other way
than by some proceeding in the court of probate looking to
its total or partial subjection to his debt. The court of
chancery has no power to intervene and order the appropria-
tion of the farm or any part of it to that claim.

What is said about the deeds having been made with intent
to defraud complainant, constitutes no case. Whatever
intent may have been conceived, no acts or transactions appear
capable of being an equitable cause of action for complainant
whether the intent attached to them or not.

I think the demurrer should be sustained on the part of
the appellant Newland, and that he should recover the costs
of both courts, the bill being dismissed as against him but
without prejudice.

The other Justices concurred.