In re Francis Palms' Appeal from the Commissioners on the Estate of Denis J. Campau.

*Administrator's liability for claims against estate.*

Where the probate court had delayed for nearly eight years to order the payment of claims allowed against an estate, and had then directed them to be paid within a fixed time after which they would become a personal claim against the administrator, and he neglected to pay them and died within six years thereafter, it was *held* that they became a valid claim against the administrator's estate.

When an administrator's statutory liability for claims against the decedent's estate has once attached, the creditor's right becomes absolute against him and his estate, whether the claim could or could not have been enforced against the decedent's estate.

The allowance of claims against an estate by a court of competent jurisdiction cannot be impeached in a collateral proceeding if there was no fraud in allowing them and no appeal was taken.

Where claims against an estate are made a personal charge against the administrator it is presumed that he retains sufficient assets to extinguish them, which assets, if he does not pay the debts, pass after he dies to his representatives, who remain liable for the debts.

An administrator should hasten the payment of claims against the decedent's estate, and if he allows payment to be delayed so that he becomes personally liable, he cannot claim to be prejudiced.

Case made after judgment from Wayne. Submitted October 27. Decided November 10.

Appeal from commissioners on claims. Claimant had judgment. Affirmed.

*Moore & Moore* for claimant.

*Chas. B. Lothrop,* administrator, for the estate.

Graves, J. This case was taken to the circuit court by appeal from the determination of commissioners on claims in the settlement of the estate of the late Denis J. Campau, disallowing certain claims prosecuted before them by Mr. Palms. The hearing in the circuit court was conducted

without a jury, and the judge made a finding of facts and allowed the claims. The finding appears in the margin.*

The administrator urges two main objections. He admits that the claim of $272.44 allowed February 11, 1865, as a lawful claim against the estate of Joseph Campau, was at one time a legal demand against decedent Denis J. Campau, but he insists that, under the provisions regulating the settlement of estates, the remedy is barred as respects the estate of Joseph Campau, and being so, cannot be enforced as a personal demand against the estate of the deceased administrator of Joseph Campau. He insists that the other items allowed

---

* 1. Joseph Campau died intestate July 23, 1863.

2. On September 3d, 1863, Francis Palms, said claimant, Theodore J. Campau and Denis J. Campau were appointed by the probate court for Wayne county, administrators of the estate of said Joseph Campau, deceased, and each filed his several bond provided by law, and received letters of administration and entered upon the discharge of his duties as such administrator.

3. An inventory was filed of the property left by said Joseph Campau, deceased, showing that the amount of real estate left by said Joseph Campau amounted to $1,809,531, and the amount of personal property left by said Joseph Campau amounted to $20,652.16.

4. Commissioners on claims against said estate of Joseph Campau were duly appointed to hear, examine and adjust all claims against said estate, and said commissioners, on March 3, 1865, filed their report, dated February 11, 1865, in the probate court for Wayne county, and in the matter of said estate, allowing the claim of said Francis Palms against said estate at the sum of $272.44; the whole amount allowed against said estate, by said report of said commissioners, was $7,162.27.

5. But three appeals were taken from the said report of said commissioners on claims, viz:

(a) Shaw & Botsford, from disallowance of claim. The remittitur from the Supreme Court affirming judgment in favor of claimant, was filed in the probate court March 18, 1867.

(b) James Campau, administrator of Jacques Campau, appeals from disallowance of claim. This was taken to the circuit court of the county of Wayne, but, as appears from the record, nothing was done beyond filing of record transcript.

(c) Appeal of Levi Bishop from disallowance of claim. Judgment was rendered in circuit court in favor of said Bishop for $2,280.76, and satisfaction of said judgment was entered February 1st, 1867.

6. After the said report of commissioners on claims was filed, H. H. Emmons presented to said probate court a claim against said estate which, on June 15, 1866, was allowed at the sum of $3,105.94.

7. All of the claims against said estate, but that of said Palms, have been paid.

8. Said Palms rendered three accounts as administrator of said estate, in which there was allowed as due to him from said estate, under the first account, the sum of $763.35, allowed March 20, 1866, and under the second account $1,208.33, allowed April 7, 1868; upon his third account, $1,305.66, allowed May 10, 1870. Copies of each account, and the allowance thereof, are as follows:

were never proper claims or demands except as against the estate of Joseph Campau; and that if decedent Denis J. promised to pay them, the promise was not binding at the time for the want of writing and the absence of consideration, and in any event is not now enforceable because more than six years elapsed between the promise and the death of said decedent.

In regard to the claim first mentioned, the judge finds that the probate court made no order for the payment of debts by the estate of Joseph Campau until the 28th of January, 1873. At that time an order was made on the application

ESTATE OF JOSEPH CAMPAU IN ACCOUNT WITH FRANCIS PALMS, ADMINISTRATOR.

Dr.      Cr.

| Dr. | | | Cr. | | |
|---|---|---|---|---|---|
| 1864. | | | 1864. | | |
| May 4. | To revenue stamps for qualification.......... | $1 00 | July 8. | By cash from J. L. Whiting, for rent ......... | $62 50 |
| 1865. | | | Aug. 15. | By cash from Albert Ding, for rent........ | 8 00 |
| May 4. | To one year's services. | 1,000 00 | Aug. 17. | By cash from J. Rehfuss, for rent.... .... | 15 00 |
| 1866. | | | Oct. 8. | By cash from J. L. Whiting, for rent.......... | 62 50 |
| Feb. 13. | To 9 months' and 9 days' services, to date ... . | 775 00 | .1865. | | |
| | | $1,776 00 | Jan. 3. | By cash from Albert Ding, for rent.... ... | 8 00 |
| | | 1,012 65 | Jan. 8. | By cash from J. L. Whiting, for rent.......... | 62 50 |
| | | $763 35 | April 8. | By cash from J. L. Whiting, for rent.......... | 62 50 |
| | | | July 8. | By cash from J. L. Whiting, for rent.......... | 62 50 |
| | | | July 10. | By cash from F. Morrell, for timber....... | 529 15 |
| | | | Oct. 8. | By cash from J. L. Whiting, for rent........,... | 62 50 |
| | | | 1866. | | |
| | | | Jan. 8. | By cash from J. L. Whiting, for rent ......... | 62 50 |
| | | | Jan. 12. | By cash from J. Rehfuss, for rent......... | 15 00 |
| | | | | | $1,012 65 |

Examined and allowed as within stated, this 20th day of March, A. D. 1866.      H. W. DEARE, Judge of Probate.

Recorded in Liber 63, page 374.

ESTATE OF JOS. CAMPAU, IN ACCOUNT WITH FRANCIS PALMS, ADMINISTRATOR.

| 1867. | | DR. | CR. |
|---|---|---|---|
| July 8. | By cash of J. L. Whiting........................... | | $62 50 |
| Sept. 10. | By cash of Albert Ding ........................... | | 10 00 |
| Nov. 1. | To 5½ months' service, at $1,000 per annum......... | $458 33 | |
| Nov. 1. | To balance brought forward......................... | | 385 83 |
| | | $458 33 | $458 33 |
| Nov. 1. | To balance (due F. Palms) brought down........... | $385 83 | |

of a creditor and against the opposition of the decedent Denis J. who was then sole administrator and held sufficient assets to pay all claims which had been established against the estate he represented, including those now urged by Mr. Palms in this proceeding. The cause of the delay in ordering payment does not appear in this record. In case of certain appeals, and no doubt in other cases of necessity, the

ESTATE OF JOSEPH CAMPAU, IN ACCOUNT WITH FRANCIS PALMS, ADMINISTRATOR.

| 1866. | | DR. | CR. |
|---|---|---|---|
| Feb. 14. | By cash of Charles Wauke........................... | | $75 00 |
| Feb. 20. | By cash of A. Ding, on account of rent (lot on Front street) ..................................... | | 8 00 |
| Feb. 20. | By cash of A. Ding, for three years' rent to June 1, 1866, (Main street)................................ | | 15 00 |
| April 9. | By cash of J. L. Whiting.............................. | | 62 50 |
| July 8. | By cash of J. L. Whiting......................... | | 62 50 |
| Oct. 8. | By cash of J. L. Whiting...................... ...... | | 62 50 |
| 1867. | | | |
| Jan. 8. | By cash of J. L. Whiting............................. | | 62 50 |
| April 8. | By cash of J. L. Whiting.......................... | | 62 50 |
| April 16. | By cash of Charles Wauke, on account of rent..... | | 30 00 |
| 1866. | | | |
| Feb. 13. | To paid *Free Press* notice........................... | $4 78 | |
| 1867. | | | |
| May 15. | To 15 months' and 3 days' services, at $1,000 per annum................................................ 1,258 22 | | |
| May 15. | To balance brought forward......................... | | 822 50 |
| | | $1,263 00 | $1,263 00 |
| 1867. | | | |
| May 15. | To balance (due F. Palms) brought down........... $822 50 | | |

Examined and allowed this 6th day of April, A. D. 1868, at the sum of $1,208 33 due this administrator from this estate.

H. W. DEARE, Judge of Probate.

ESTATE OF JOSEPH CAMPAU IN ACCOUNT WITH FRANCIS PALMS.

| 1869. | | CR. | DR. |
|---|---|---|---|
| Nov. 6. | To 24½ months' service as administrator, from November 1st, 1867, at $1,000 per annum...... | | $2,041 66 |
| 1867. | | | |
| Nov. 11. | By cash of J. Rehfuss, for rent................... | $15 00 | |
| 1868. | | | |
| Jan. 8. | By cash of J. L. Whiting............... | 62 50 | |
| Feb. 21. | By cash of C. Wauke, for rent.................. | 30 00 | |
| April 1. | By cash of J. Rehfuss, for rent.................. | 40 00 | |
| April 8. | By cash of J. L. Whiting, for rent............... | 62 50 | |
| May 11. | By cash of Henry Hauser, for rent. ........... | 30 00 | |
| July 8. | By cash of J. L. Whiting, for rent............... | 62 50 | |
| Oct. 8. | By cash of J. L. Whiting, for rent..... ......... | 62 50 | |
| 1869. | | | |
| Jan. 8. | By cash of J. L. Whiting, for rent............... | 62 50 | |
| March 6. | By cash of Charles Wauke, for rent............. | 30 00 | |
| March 6. | By cash of Albert Ding, for rent.................. | 16 00 | |
| April 8. | By cash of J. L. Whiting, for rent............... | 62 50 | |
| July 8. | By cash of J. L. Whiting, for rent............... | 62 50 | |
| Aug. 24. | By cash of A. J. Heath, for rent................. | 45 00 | |
| Oct. 8. | By cash of J. L. Whiting, for rent............... | 62 50 | |
| | | | 706 00 |
| | | | $1,335 66 |
| Nov. 15. | By cash of Charles Wauke...................... | | 30 00 |
| Nov. 15. | To balance due Francis Palms .................. | | $1,305 66 |

probate court is empowered to suspend the decree for payment (Comp. L. § 4458) and hence to prolong the settlement and postpone the arrival of the time for the administrator to become personally liable. It was competent for the administrator and likewise his duty to hasten the event as far as practicable in view of the statutory regulations and the interests of all concerned, and for the purpose of this

STATE OF MICHIGAN, }
COUNTY OF WAYNE. }

Francis Palms being duly sworn deposes and says that the above account by him rendered is true and correct in all respects.

FRANCIS PALMS.

Subscribed and sworn to before me this 18th day of January, 1870.

JAMES D. WEIR, Judge of Probate.

Examined and allowed as within stated, this 10th day of May, 1870.

J. D. WEIR, Judge of Probate.

9. Each of said administrators filed three several accounts which were passed upon and allowed by the probate court. The third account of Denis J. Campau was allowed May 10, 1870; was of receipts and disbursements of money, and showed a balance due at the time to said Denis J. Campau from said estate of the sum of $5701.77.

10. It appears from an order of said probate court, made April 17, 1871, that a day was fixed by said probate court for hearing a fourth account of Denis J. Campau, but diligent search in the records fails to bring to light either said fourth account, or further mention of the same.

11. Neither the claim allowed said Palms, as creditor of said estate, nor his claim for amount allowed by the probate court aforesaid for services as co-administrator of said estate, has ever been paid.

12. Said Palms resigned his position as administrator of said estate on May 23, 1870, on which day his resignation was accepted and he was released from his said trust. On December 12, 1872, Theodore J. Campau resigned his trust as such administrator, and on that day his resignation was accepted and he was released from said trust.

13. From December 12, 1872, until the time of his death, said Denis J. Campau was the sole surviving administrator of the estate of Joseph Campau, deceased.

14. Theodore J. and Denis J. Campau petitioned the probate court for license to sell real estate. License was granted. They advertised for the sale in their own names, but claimant Palms signed the report of sale and the deeds as co-administrator.

15. When said sales of real estate were made, said Theodore J. and Denis J. Campau requested said Palms to sign the deeds as co-administrator with them, but he refused for the reason that the estate owed him and he had not got his pay. Theodore J. and Denis J. then sent word by their clerk that if he would sign the deeds they would pay him out of the proceeds of said sale, and thereupon, and in reliance upon said promises, said Palms signed the deeds. This conversation occurred before the resignation of said Palms.

16. At the time of granting letters of administration as aforesaid, no order was entered in the said probate court allowing to said administrators a time for disposing of said estate and paying the debts, as is contemplated and required by §§ 4450-1-2-3, Compiled Laws 1871, nor was there ever any order entered in said probate court in the matter of said estate

44 MICH.—41

· proceeding we may presume that the court in delaying the decree acted regularly, and that the deceased administrator was not at fault in regard thereto, nor in any manner prejudiced thereby. We think his administrator cannot be heard to contend to·the contrary.

The decree before mentioned of the 28th of January, 1873, ordered the payment of the debts within sixty days,

in regard to the time or manner of payment of debts by said administrators, except as hereinafter stated.

17. On the 16th day of January, 1873, said H. H. Emmons filed in the probate court a petition of which the following is a true copy:

THE PROBATE COURT FOR THE COUNTY OF WAYNE.

· In the matter of the estate of Joseph Campau, deceased.

*To the Hon. Albert H. Wilkinson, Judge of Probate of the said Court:*

The petition of Halmer H. Emmons respectfully shows unto your honor as follows, to wit:

Your petitioner is a creditor of said estate; that his claim against the said estate as such creditor was duly proved and allowed on the fifteenth day of January, A. D. 1866, at the sum of three thousand one hundred and five dollars and 94-100, as in and by the records and files more fully appears.

Your petitioner has frequently applied to the administrators of said estate to pay the said claim, but they have hitherto neglected and refused to pay said claim, and the same still remains unpaid.

Upon examination of the records and files it appears that no order as required by § 4457 of the Compiled Laws of 1871 of the payment of debts proved against said estate has ever been made, and your petitioner therefore prays your honor to make such order, to the end that your petitioner may enforce payment of his said claim.

By ASHLEY POND, his attorney.          HALMER H. EMMONS.

Filed January 16, 1873.

Said petition came on to be heard, and on the hearing thereof an order was entered in said probate court, of which the following is a copy:

"At a session of the probate court for the county of Wayne, holden at the probate office in the city of Detroit, on Tuesday, the twenty-eighth day of January, in the year of our Lord one thousand eight hundred and seventy-three.

"Present, Hon. Albert H. Wilkinson, Judge of Probate.

"In the matter of the estate of Joseph Campau, deceased.

"This being the adjourned day assigned by the court for hearing the petition of Halmer H. Emmons, a creditor of the said estate, whose claim has been duly proved and allowed, praying that an order may be entered in this court requiring the administrator of said estate to pay the debts proved and allowed against the same; and it appearing to the satisfaction of the court by proof on file that a certified copy of said petition and of the order assigning the twenty-first instant for the hearing by the court of said petition has been duly served on Denis J. Campau, now sole administrator of said estate, as was in said order by the court directed, and the hearing of said petition having been continued by consent until this day, and the court having now heard Ashley Pond of counsel for said petitioner, and James D. Weir of counsel for said Denis J. Campau, administrator as aforesaid, and due consideration having been had in the prem-

and by force of the statute the allowed demand in question became a personal charge against the said Denis J. and he became liable for it " as for his own debt." § 4461. It was therefore a proper demand to be asserted against his estate (§§ 4420, 4431) and was seasonably presented. We find no valid objection against its allowance. Whether it could or could not be enforced against the other estate is immaterial. The law having made the administrator liable for it as for

---

ises, and it appearing to the court by the records and files in the matter of the said estate that sufficient assets came to the hands of the said Denis J. Campau, as administrator jointly with Theodore J. Campau, then one of his co-administrators to pay the debts proved and allowed against the said estate in full, and the time limited in the statute for payment of said debts having elapsed, it is ordered and decreed that the said Denis J. Campau, administrator of said estate aforesaid, pay the debts proved and allowed against the said estate within sixty days from the date hereof.

"ALBERT H. WILKINSON, Judge of Probate."

An appeal was taken to the circuit court, and by said court said order was affirmed.

18. From November 26, 1873, down to the death of Denis J. Campau nothing was done in the matter of said estate in said probate court.

19. Said Denis J. Campau died August 15, 1878, and on September 19, 1878, Charles B. Lothrop was appointed and still is administrator of his estate.

20. In the year 1867 a bill for the partition of the real estate of Joseph Campau, deceased, was filed in the circuit court for Wayne county, in chancery, and said real estate was, by a decree of said court made February 6, 1869, divided among the heirs, of which property said Denis J. received one-ninth part as heir-at-law of said Joseph.

21. Said Palms presented to the commissioners on claims appointed in the estate of Denis J. Campau, all the claims allowed him as aforesaid against the estate of said Joseph, and claimed that Denis J. was personally liable to him for the amount thereof, with interest. But said claims were disallowed in whole by said commissioners on claims in the said estate of Denis J. From this decision of the commissioners said Palms appealed.

And upon the said evidence and said findings the defendant and appellee objected that the plaintiff was not entitled to recover, but the court overruled the objection and held that the plaintiff was entitled to recover the whole of his said claim, and allowed the same at the sum of $6,481.81, being the amount of said claim with interest. And thereupon, on the thirtieth day of July, 1880. a judgment was entered in said cause allowing the claim of said plaintiff and appellant against said appellee at the sum of $6,481.81, and costs to be taxed; and thereupon said defendants and appellee excepted by its attorney to the ruling of the said court aforesaid and to said judgment, for the reason that upon all said evidence and said findings said plaintiff and appellant was not entitled to have his said claims or any part thereof allowed against said estate.

And at the request of the parties to this suit I have, this sixth day of August, 1880, settled and signed the foregoing as a case made after judgment in this cause in accordance with the statutes and rules in such cases made and provided. F. H. CHAMBERS,
Circuit Judge.

his own debt, the right of the creditor is absolutely against him and his estate, and not contingent upon the existence of liability elsewhere.

As to the other items in controversy. They were severally allowed by the judge of probate as lawful charges against the estate of Joseph Campau. Any one aggrieved was entitled to appeal. No appeal was taken however. The judge had jurisdiction, and hence the proceedings cannot be impeached in this collateral action. He had jurisdiction to commit errors, and if he committed any, their correction could be obtained only in a direct proceeding. No one asserts that there was fraud. The effect of his decisions was to establish an indebtedness from the estate of Joseph Campau to this claimant. The indebtedness remained when the deceased administrator became sole administrator. He held sufficient assets to pay with, and this indebtedness was payable out of them. §§ 4454, 4455.

In these circumstances the probate court, as before stated, ordered him to "pay the debts proved and allowed against the said estate within sixty days." This decree covered the allowance in question. No appeal was taken and the right became fixed. The claimant was a creditor, and the deceased administrator was rendered liable "as for his own debt."

The presumption is that the assets for the extinguishment of these debts were retained by the administrator, and passed after his death, as the facts appear in this record, to his representatives. The other points become immaterial.

We think the facts support the judgment, and the latter is affirmed with costs. The determination will be certified to the circuit court and court of probate.

The other Justices concurred.