IN RE ESTATE OF ISRAEL J. BENITEAU, DECEASED. AME
    P. T. BENITEAU v. WILLIAM R. DODSLEY,
                    ADMINISTRATOR.

*Estates of deceased persons—Sale of lands for payment of debts—
                    Limitation of time.*

1. An administrator *de bonis non*, appointed on the removal of
    the original administrator and sole heir of the deceased for
    refusing to pay a claim of $1,081 allowed against the estate,
    obtained a license to sell real estate upon a petition alleging
    that it was necessary to make such sale to raise the sum of
    $1,200, or thereabouts, to pay the just debts and charges
    against the estate, and that no personal estate of the deceased
    had come into his hands, which allegations were supported by
    the proofs taken on the hearing. And it is held that the
    petition and proofs fully met the requirements of the statute
    authorizing such license and sale when the personal estate in
    the hands of an executor or administrator is insufficient to
    pay all of the debts of the deceased, and the charges. of
    administration.

2. The license to sell was granted within four years and six
    months from the appointment of the original administrator,
    but more than that period would elapse before a sale could be
    made thereunder, and it was objected by the heir that the
    probate court lost jurisdiction to grant the license at the end
    of four years from such appointment, under the ruling in
    *Hoffman v. Beard*, 32 Mich. 218; which case the Court hold
    does not apply to the one at bar, and that under the circum-
    stances the heir cannot be heard to raise the objection.

Error to Wayne. (Reilly, J.) Submitted on briefs
October 15, 1891. Decided October 30, 1891.

Appeal from order of circuit court affirming order of
probate court granting a license to sell real estate.
Affirmed. The facts are stated in the opinion.

*William J. Gray,* for appellant, contended as stated in
the opinion.

*H. E. Spalding,* for petitioner.

MORSE, J. Israel J. Beniteau died August 31, 1883, intestate, leaving a widow and one child, Ame P. T. Beniteau, who, on October 16, 1883, was appointed administrator. September 22, 1884, the claim of Elizabeth Fales was allowed by the commissioners on claims at the sum of $1,081. On January 28, 1888, a petition was filed asking for the removal of Ame P. T. Beniteau, and on February 27, 1888, he was formally removed. On the same day a petition was filed asking for the appointment of William R. Dodsley as administrator, and on March 20 he was so appointed. Thereupon Mr. Dodsley asked leave to sell some of the decedent's real estate for the purpose of paying the Fales claim and of paying the charges of administration. On April 11, 1888, a license to sell was granted. On appeal to the circuit court, the order of license was affirmed, and a writ of error has been sued out to review the proceedings.

The errors relied on are:

1. That there was no showing of insufficiency of assets in the original administrator's hands.

2. That the court lost its jurisdiction to grant the license at the end of four years from the date of the appointment of the original administrator.

These objections to the order of the probate court have no merit.

1. The petition of Dodsley alleged that it was necessary to sell real estate to raise the sum of $1,200, or thereabouts, to pay the just debts and charges against the estate, and that no personal estate of the deceased had come into his hands. On the hearing of the petition, the proofs supported these allegations. How. Stat. § 6025, provides:

"When the personal estate of any deceased person, in

the hands of his executor or administrator, shall be insufficient to pay all his debts, with the charges of administering his estate, his executor or administrator may sell his real estate for that purpose, upon obtaining a license therefor, and proceeding therein in the manner hereinafter provided."

See, also, sections 6026, 6027, 6036. The statute was fully met by the petition and proofs.

2. From the date of the appointment of the original administrator, October 16, 1883, to the granting of the license to sell, April 11, 1888, there elapsed a period of less than four years and six months, but the sale under the license could not be had until after such period had expired. The appellant relies upon *Hoffman v. Beard,* 32. Mich. 218. This case has been distinguished from cases like the present, and does not apply. See *Church v. Holcomb,* 45 Mich. 29; *Pratt v. Houghtaling,* Id. 457; *Larzelere v. Starkweather,* 38 Id. 96; *Norman v. Olney,* 64 Id. 553. In *Larzelere v. Starkweather,* 38. Mich., at pages 100 and 101, the decision in *Hoffman v. Beard* is expressly limited to the facts in that case, and the reasoning of the opinion discarded as binding upon the Court. It will be noticed that the opinion in both cases is written by the same judge, Mr. Justice MARSTON.

In this case the delay in not paying the adjudicated claim of Elizabeth Fales was not the fault of the present administrator nor of the probate court. The testimony upon the hearing showed that the estate was amply sufficient to pay this claim and all other charges against it. The appellant was removed for refusing to pay this claim, and is alone at fault for its non-payment. He is sole heir to the real estate of his father, subject to the widow's dower, which cannot be sold to pay debts. Under the circumstances, he cannot be heard to raise this last objection   And, in my opinion, *Hoffman v. Beard* has been substantially overruled, and is not good law.

The order of the probate court is affirmed, with costs of this Court and the circuit against the appellant. It will be certified accordingly.

The other Justices concurred.