92  423
114  26

BENJAMIN PECKHAM v. ELIZABETH A. HOAG, ADMINIS-
TRATRIX, ETC.

[See 57 Mich. 289; 74 Id. 287.]

*Estates of deceased persons—Sale of real estate to pay debts—
Removal of administrator—Writ of error.*

1. Where a petition for the removal of an administratrix is met by plea and answer, upon which plea the administratrix and her bondsmen are discharged as upon a full accounting, and the order is confirmed in the circuit court on appeal, the proceedings are reviewable on writ of error; citing *Labar v. Nichols*, 22 Mich. 200; *Hall v. Grovier*, 25 Id. 437; *Brown v. Forsche*, 43 Id. 495; *Mower's Appeal*, 48 Id. 441; *Moores' Appeal*, 84 Id. 474.

2. Jurisdiction to administer an estate and sell the real estate for the payment of debts is not lost by the lapse of time, where the estate has not been closed.

Error to Berrien. (O'Hara, J.)  Argued June 15, 1892.  Decided July 1, 1892.

Petition for the removal of an administratrix. Petitioner brings error from order of circuit court, affirming the order of the probate court, denying the petition, and discharging the administratrix and her bondsmen as on a full accounting. Order reversed, and case ordered to be certified to the probate court, with directions to pro-

ceed upon the petition, to the end that sale may be made of real estate to pay the debts of the estate. The facts are stated in the opinion.

*Austin Blair,* for petitioner and appellant.

*N. A. Hamilton,* for defendant.

LONG, J. Since this case has been brought into this Court, the petitioner, Mr. Peckham, has died. His death has been suggested of record in the present proceeding in this Court, and an order made that the case proceed in the name of George B. King, special administrator of the deceased.

The proceeding is for the removal of Elizabeth A. Hoag as administratrix *de bonis non.* The petition for removal was heard in the probate court for Berrien county, the petition dismissed, and the administratrix and her bondsmen fully discharged. An appeal was taken from this order to the circuit court of that county, where the cause was heard before the court without a jury, and the order of the probate court affirmed. Petitioner brings the case to this Court by writ of error.

It appears that Isaac J. Hoag died intestate at Millburg, Berrien county, May 8, 1874, and Allen M. Randall was appointed administrator of the estate, filed his bond, received letters of administration, and entered upon the discharge of his duties. He filed an inventory in the probate court of the property left by the deceased, showing the amount of real estate at about $15,000, being about 400 acres of land, and personal property to the amount of over $9,000. On February 11, 1878, Mr. Randall resigned his trust, and Elizabeth A. Hoag was appointed administratrix *de bonis non* on April 23 of that year. She filed her bond in the sum of $1,000, which was accepted, and letters issued to her. February 18,

1880, the plaintiff presented and proved his claim against the estate before the judge of probate to the amount of $4,451.10, and on the same day an order was made by the court requiring the administratrix to pay the debts of the estate in full within 90 days from the date of that order. March 8, 1880, the administratrix filed her petition in the probate court praying for license to sell a portion of the real estate, being 125 acres of land which had been bid in for the estate by the former administrator on mortgage sale, and not including any portion of the lands of which Isaac J. Hoag died seised. The license was granted, and the land advertised for sale, and a sale was attempted to be made; but no report of such sale appears in the records or files of the probate court, nor does any confirmation of such sale appear, but the testimony in the present case shows that the probate court refused to confirm such-sale for the reason that the administratrix had neither taken the oath nor filed the bond required by law. From the date of this attempted sale no further steps have been taken by the administratrix for the payment of the debt, nor has the plaintiff's claim or any part of it been paid to him.

The grounds upon which the plaintiff asks the removal of the administratrix are:

1. That she has neglected and refused to obey the order of the probate court requiring her to pay the debts of the estate within 90 days from the date of the order.

2. That she has wholly neglected and refused to sell real estate, and turn the same into money, for the payment of debts allowed against the estate.

3. That she has never rendered an account of her administration of the estate in pursuance of the statute.

4. That the administration bond given by her is wholly insufficient in amount.

5. That she has taken no steps to close up the estate, although the time limited by law for that purpose has long since expired.

It is contended upon the part of the respondent:

1. That this proceeding cannot be reviewed in this Court by writ of error. The case is properly in this Court. It was commenced in the probate court by petition, which was met by the plea and answer of the defendant. Upon that plea the administratrix and her bondsmen were discharged as upon a full accounting. This order was confirmed in the circuit court upon appeal. Under such circumstances, the writ is the proper remedy. *Labar v. Nichols*, 22 Mich. 200; *Hall v. Grovier,* 25 Id. 437; *Brown v. Forsche*, 43 Id. 495; *Mower's Appeal,* 48 Id. 441; *Moores' Appeal*, 84 Id. 474.

2. That the administratrix *de bonis non* never had any property of more than nominal value belonging to the estate, and therefore, unless there is some method whereby the lands can now be sold by the administratrix under the order of the probate court, the petitioner and other creditors cannot be benefited by continuing the administration; and that, Mr. Hoag having died May 8, 1874, the time has now gone by when a sale of the real property could be made by the administratrix under such order. It appears conclusively, however, that the estate had not been closed at the time the application was made in this present proceeding. The jurisdiction to administer the estate and to sell the real estate for the payment of the debts has not, therefore, been lost by lapse of time.

The order made by the probate court, and affirmed in the circuit, denying the petitioner the right claimed, and ordering the discharge of the administratrix and her sureties, will be reversed and set aside. The case will be certified to the probate court of Berrien county, directing that court to proceed upon the petition to the removal of the administratrix, to the end that proceedings may be taken for the sale of sufficient of the real estate of the deceased for the payment of the debts.

The petitioner will recover his costs of all the courts out of the estate.

The other Justices concurred.