## *In re* YOUNG'S ESTATE.

EXECUTORS AND ADMINISTRATORS — CLAIMS OF ADMINISTRATOR — LIMITATIONS.

> Where an administratrix paid with her own money claims against the estate, and later filed an account showing the indebtedness of the estate to her, which account was allowed by the probate court and no appeal taken therefrom, the judgment was final and she could have taken steps immediately to enforce it; and she having taken no further steps except over four years thereafter to petition for permission to sell real estate to pay debts, and nothing further after that for ten years, her claim was barred, notwithstanding she was, as widow, entitled to possession of the entire estate for life, and there were oral negotiations between her and the heirs looking towards reimbursing her for what she had paid.

Case made from Calhoun; Hopkins, J.    Submitted April 13, 1906.    (Docket No. 70.)    Decided July 3, 1906.

Elizabeth Young, administratrix with the will annexed of the estate of Christian Young, deceased, petitioned for the appointment of an administrator de bonis non with the will annexed of said estate.    The petition was granted in the probate court, and Christian Young and others appealed to the circuit court.    There was judgment sustaining the order of the probate court, and contestants appeal. Reversed.

The question involved in this litigation is the right of the probate court to appoint an administrator de bonis non with the will annexed. The case upon appeal from the probate court was tried before the circuit court without a jury and the facts agreed upon.

Christian Young died May 6, 1884, leaving a last will and testament, by which he bequeathed to his wife all his real and personal estate during her life " to use for herself and for her comfortable maintenance." And after her decease the entire estate was to be divided equally among his children. Upon the proper petition his widow, Elizabeth, was appointed administratrix with the will annexed June 7, 1884, and duly qualified. The inventory showed $245 in personal and $4,500 in real estate. Commissioners on claims filed their report December 8, 1884, showing an allowance of claims of $741.60. On the same day an order was duly entered directing the administratrix to pay them. The administratrix filed her first account December 11, 1884, showing that she had paid out as administratrix $508.35 more than she had received. This account was allowed, and the order recited that she was discharged as administratrix. No petition had been filed for her discharge. On July 6, 1889, she was required to file a second account. She filed one showing a balance due her from said estate of $1,553.04, which consisted, according to her petition, of debts allowed, cost of a monument, with interest thereon, and the allowance to her as widow. This was heard on July 30, 1889, and allowed " as the annual account of said Elizabeth Young, executrix." On April 30, 1894, she filed a petition for leave to mortgage or sell the real estate to pay that amount. On June 11th an answer was filed to said petition by her son-in-law, who was the father of a child of a deceased daughter. Nothing further was done under the petition. On October 10, 1904, she filed this petition setting forth in substance the above facts, showing that her own delay in filing her account and settling the estate and applying for leave to sell the real

estate was caused by negotiations between herself and heirs for a payment of the amount so found to be due to her, tendering her resignation as such administratrix on account of her age and feeble condition, and praying for an appointment of an administrator de bonis non. To this petition two of the heirs and the grantee of two others objected, for the reason that the claim is barred by the statute of limitations. The probate court appointed an administrator de bonis non, and upon appeal in the circuit court the order was affirmed.

*Edward J. Dennison* and *James J. Noon*, for appellants.

*Winsor & Miller*, for appellee.

GRANT, J. (*after stating the facts*). That part of the order of the probate court of January 2, 1885 (the adjourned day for hearing the account of December 11, 1884), reciting that she was discharged as administratrix, must be treated as a nullity. The court had no jurisdiction to make such an order. There was nothing in her account justifying her final discharge. Undoubtedly it was an oversight in entering the order. The same court afterwards treated it as a nullity in ordering and allowing a second annual account.

The meritorious question is that involving the statute of limitations. She promptly paid most of the debts out of her own funds. If she had not paid them, the creditors of the estate would clearly have been barred by the statute of limitations upon failure to proceed within the statutory period against her or her bondsmen. *Winegar* v. *Newland*, 44 Mich. 367; *Biddle* v. *Wendell*, 37 Mich. 452. By paying them out of her own funds, she stood in the position of an equitable assignee of the creditors. The statute fixes the time for disposing of the estate and paying the debts and legacies as one year and six months, and provides that upon due application and due notice of such application to all persons interested, the probate court

may extend the time for a period not exceeding four years. 3 Comp. Laws, §§ 9397-9399. There was no appeal from the judgment of the probate court, made July 30, 1889, adjudging her $1,553.04. She permitted nearly five years more to pass without taking any steps to enforce her claim, and then did nothing except to file a petition to sell the real estate. Nothing was done under that petition, and she rested upon her rights for more than 10 years longer. We think the claim is within the rule of *Hoffman* v. *Beard*, 32 Mich. 218.

Counsel for petitioner seek to avoid the running of the statute of limitations by insisting that the estate could not be closed during the lifetime of the widow, and that it is the order upon the final accounting of an administrator that becomes a final judgment. We cannot adopt either of these contentions. The administration of the estate could have been closed at any time, and, after the payment of the debts and expenses of administration, the widow was entitled to the possession and control of the residue of the entire estate. The judgment of the probate court allowing her account was final, and could only be set aside on the ground of fraud or mistake. She could have taken steps immediately to enforce it. The fact, if fact it be, that she and her children had verbal negotiations looking towards reimbursing her for what she had paid, would not operate to prevent the running of the statute, or to revive the claim after the statute had run.

The judgment must be reversed, and this decision certified to the probate court for action thereon.

CARPENTER, C. J., and MCALVAY, BLAIR, and MOORE, JJ., concurred.