AMORY PRESCOTT, Administrator, *vs.* CHARLES MORSE, Executor.

*Action of Assumpsit—when it lies for a legacy.*

One to whom a bequest of $200 had been made in his father's will,—the fund to be placed in the hands of the executor for the use and benefit of the legatee as he may need it, he not to receive any more than was necessary for his benefit at the time—died before any part of his legacy had been paid him, and his administrator brought this action at law to recover the amount and interest of the estate of the executor, who had also given bond as testamentary trustee, and had commingled this money with his own personalty instead of keeping it separately invested as a trust fund; *held,* that the plaintiff was entitled to recover, and need not resort to proceedings in equity.

ON REPORT.

ASSUMPSIT to recover a legacy given by the will of the late Willoughby Prescott, to his son George Prescott, who died after his father, and of whose estate the plaintiff is administrator. The defendant is executor of the estate of late Charles Morse, who was executor of the will of Willoughby Prescott. If proof of the allegations of the writ would sustain the action, the case is to stand for trial; otherwise the plaintiff is to become nonsuit.

The declaration stated the facts as above ; that the late Charles Morse gave bond as testamentary trustee, as well as executor, and received the money here sued for, which is now needed to pay the debts of the late George Prescott.

The precise terms of the legacy are recited in the opinion.

*John H. Webster,* for the plaintiff, cited *Kimball v. Crocker,* 53 Maine, 263.

*S. Coburn,* for the defendant.

The remedy, if any, is in equity. R. S., c. 68, § 11, and c. 77, §§ 4 and 7. As the legacy is payable in discretion, it cannot be recovered at law. *Lynde v. Estabrook,* 7 Allen, 71. It had not vested, so as to support an action.

Prescott v. Morse.

It was appropriated only to the personal and immediate needs of the legatee, and was not holden for his debts.

Being contingent, it lapsed at the death of the legatee.

An administrator *de bonis non*, and not the executor of an executor, succeeds to the estate of the testator on the death of the original executor. *Farwell v. Jacobs*, 4 Mass., 634; *Knight v. Loomis*, 30 Maine, 204; *Coburn v. Loomis*, 49 Maine, 406.

The goods of the late Charles Morse, attached in this suit, are not subject to this legacy. No notice or demand of the legacy is alleged in the writ; nor of assets in the hands of the late Charles Morse, or of the present defendant.

This legacy was left in the hands of a trustee, not of an executor. R. S., c. 68, § 13. *Deering v. Adams*, 37 Maine, 264; *Elder v. Elder*, 50 Maine, 548.

APPLETON, C. J. The plaintiff, as administrator of the estate of George Prescott, brings this action to recover the amount of a legacy given to his intestate by the last will and testament of Willoughby Prescott. By the same instrument Charles Morse, since deceased, was made the executor of his estate.

The second item in the will of Willoughby Prescott is in these words:

II. "I give and bequeath to my son George Prescott the sum of two hundred dollars, placing it in the hands of the executor for his use and benefit as he may need it, and not receiving any more at a time than what is necessary for his benefit at the time."

The legacy is in the present. It is a gift of a specified sum to the testator's son. There is no limitation over. The only limitation relates to the payment. No provision is made for the legacy to lapse. Suppose the executor should die and the legatee should need the money "for his use and benefit;" is he to lose the legacy of the father because the executor is not living and therefore cannot determine "what is necessary for his benefit at the time?" The rights of the legatee do not depend upon the living of the trustee.

In Dewart's appeal, 70 Penn., 403, the legacy was in the following words: "I give and bequeath to my son William, in trust for my grandson, Lewis Dewart, Jr., the sum of two thousand dollars to be paid between the ages of twenty-one and twenty-five years, at the discretion of my son William, and I hereby charge my farms in Penn township, Union county, with the payment of the same. In case of the death of my grandson before the age of twenty-five this legacy to lapse." In delivering the opinion of the court Thompson, J., says: "This was a vested legacy, beyond doubt, but was not payable until between the ages of twenty-one and twenty-five to the legatee, at the discretion of the father, the trustee. It is apparent that, in this case, time was annexed to the payment, and not to the gift. This circumstance has no influence to prevent the vesting of the legacy." The law favors the vesting of estates. 1 Jarman on Wills, Am. Ed., 631. More especially must the legacy be regarded as vested, when, as in the case at bar, there is no provision for the lapsing of the legacy and no disposition of any remainder, if there should be any, after the death of the legatee. In Page's Appeal, 71 Penn., 402, the bequest was "to my god-daughter, Margaret B. Page, twenty-three hundred dollars to be paid to her by my executor, when she attains twenty-one years, but if she die in her minority the same to fall into the residue of my estate." "This," remarks Agnew, J., "is a vested legacy, but the time of payment is deferred until the legatee shall arrive at age."

Charles Morse, deceased, by his last will and testament, appointed the defendant, bearing the same name, as his executor. As such executor he represents the estate of his testator. He has nothing to do with that of Willoughby Prescott. He does not represent it. He is not authorized to discharge debts due to, or to pay those due from, the estate. All existing claims against that estate, or arising under the will of said Prescott, must be brought against the administrator *de bonis non*, with the will annexed, upon whom the duties of his executor devolve and against whom all actions must be commenced. *Farwell v. Jacobs*, 4 Mass., 634.

If therefore the legacy in controversy had remained in the hands of the executor of Willoughby Prescott, no action could have been maintained against the defendant as he was not authorized to discharge the liabilities of that estate, or to interfere with the fund belonging to it by virtue of his being the executor of the estate of Charles Morse, the executor of said Prescott.

But in the present case, as we understand the report, Charles Morse the executor of the last will and testament of Willoughby Prescott, gave bonds as trustee in accordance with the provisions of R. S., c. 68. The amount of the legacy was in his hands as testamentary trustee. As executor, he had duly accounted for it, and was henceforth liable therefor on his bond as trustee. It does not appear that he made any investment of it as trustee. It would seem, indeed, that this became a part of his estate, commingled with his other funds. The defendant then as his executor has this sum as part of the estate of the testator, which he is bound to account for according to law.

As the plaintiff is entitled to the legacy, and as the amount is in the defendant's hands, there seems to us no sufficient reason why he may not recover it in this form of action, or why he should be compelled to resort to a court of equity to enforce his rights.

*The action is to stand for trial.*

CUTTING, DICKERSON, DANFORTH, VIRGIN and PETERS, JJ., concurred.