BELLE H. WHEELER v. JAMES S. P. HATHEWAY ET AL.

*Suit on residuary legatee's bond—Mortgage on decedent's estate—Interest on specific bequests.*

1. The residuary legatee, in a proceeding against him by a general legatee upon his bond, has a right to examine the plaintiff fully as to what the latter has received from the testator's estate.

2. If a mortgage upon the estate of a testator is a bona fide indebtedness which the residuary legatee is bound to pay, it cannot be deducted from the amount of a general legacy.

3. Interest upon specific bequests runs from the testator's death; but in the case of general legacies it does not run until the expiration of a year from that time,—or in states where the law or the probate judge allows a year for paying debts and legacies, not until a year has passed since letters testamentary were granted; or, in the case of a residuary legatee, a year from the date of filing his bond.

4. Administration is closed on the approval and filing of an executor's bond as residuary legatee.

Error to Macomb.   (Stevens, J.)   June 19.—Sept. 23.

Proceeding by scire facias.   Both   parties   bring   error. Reversed.

*Richard A. Watts* for Belle H. Wheeler.

*Norris & Uhl* for James S. P. Hatheway.

CHAMPLIN, J.   This is scire facias upon a judgment rendered against defendants upon a bond given by James S. P. Hatheway as residuary legatee under the last will of Gilbert Hatheway.   The plaintiff is a daughter and legatee of Gilbert Hatheway, and defendant Hatheway is brother of plaintiff.   The cause was tried before the court without a jury, and a finding of facts and his conclusions of law therefrom were made and filed by the circuit judge.   Both parties have brought the case here by writ of error.

We think the court erred in not permitting defendant's counsel to inquire fully of plaintiff, on cross-examination, relative to the property she received belonging to the estate of Gilbert Hatheway, the title whereof vested in defendant James S. P. Hatheway on filing his bond as residuary legatee.   What such testimony proved, or to what extent, if any, it should be allowed to affect the extent of plaintiff's recovery, could only be determined after the testimony had been placed before the court.   It was material and pertinent to ascertain from plaintiff what assets, if any, she held belonging to defendant Hatheway, and the facts and circumstances connected with the transaction would enable the court to decide whether it formed the basis of a legal set-off, or was in any other manner a defense, either wholly or partially, to the action.   As this disposes of the case in this Court, it renders a decision of the other questions raised unnecessary; but as they are likely to arise on a new trial, it may be proper to intimate our views upon them as presented by this record. Under the facts found we do not think the money paid to take up the Cutter mortgage should be deducted from the legacy due to plaintiff.   The court expressly found that defendant Hatheway paid it, and that it was a bona fide indebtedness against the estate, which the residuary legatee was obligated to pay.

The error complained of by plaintiff consists in not allowing interest on the legacy from the date of filing the residuary legatee's bond.   The court computed interest from one year after the date of such filing, for the reason that it was

customary for probate courts to grant one year for the settlement of estates before computing interest on legacies.

As a general rule, interest is payable on money on the ground of delay in paying the principal; and with respect to legacies it is payable on them from the time they are actually due. There is a distinction in this respect between specific and general legacies. Specific legacies are considered as severed from the bulk of the estate by operation of the will from the death of the. testator, and appropriated for the benefit of the legatee from that period. Consequently, interest is computed on specific legacies from the death of the testator, whether the enjoyment of the principal is postponed by the testator to a future period or not. With respect to general legacies the rule is different. As to these, for convenience, the law, in the absence of statutory regulation, has prescribed the general rule that where no time of payment is named by the testator, and in the absence of any intention to be inferred from the will itself, such general legacies shall be raised and satisfied out of the testator's personal estate at the expiration of one year next after his death, from which period, if the executor omit to pay the principal, the legatees will be entitled to interest, though actual payment within that time may be impracticable. 2 Roper on Legacies 1245. This rule was founded on the principle that the assent of the executor to the legacy was essential before the title of the legatee to the legacy became complete or perfect, for without such assent the legatee had no authority to take possession of his legacy. The assent was required of the executor because the whole personal property of the testator devolved upon the executor. The civil law fixed for the purpose a year from the testator's death as the time when the executor's assent is presumed, and when the legacy is payable. This rule has quite generally been adopted by the English courts. *Wood v. Penoyre* 13 Ves. 326; *Barrington v. Tristram* 6 Ves. 345; *Clive v. Clive* Kay 600; *Bristow v. Bristow* 5 Beav. 289; *Child v. Elsworth* 2 De G., M. & G. 679; *Gibson v. Bott* 7 Ves. 96; *Pearson v. Pearson* 1, Sch. & L. 10.

In the American courts, in the absence of statutes regulat-

ing the subject, legacies are regarded as due and payable at the end of the year from the death of the testator. But in those states where statutes or the judge of probate allows a year in which to pay debts and legacies, such legacies are not due until the end of a year from granting letters testamentary, and the interest should be computed from that time. *Jones v. Ward* 10 Yerg. 161; *Stephenson v. Axson* 1 Bailey Eq. 274; *Huston's Appeal* 9 Watts 473; *Graybill v. Warren* 4 Ga. 528; *Beal v. Crafton* 5 Ga. 301; *Bradner v. Faulkner* 12 N. Y. 472; *Cooke v. Meeker* 36 N. Y. 15. In this State the time within which the debts and legacies are to be paid is usually limited by the probate court, in the first instance, to one year from granting letters testamentary.

Such would undoubtedly be the time when the legacy would be payable, if the estate had been closed in the ordinary course of administration. In this case, however, the executor gave a residuary legatee's bond, which had the effect to close the administration of the estate from the approval and filing of the bond. And the plaintiff claims that the debts and legacies became due and payable as soon as such bond was filed. If this be so, then every creditor and every legatee could at once bring suit against the executor for the amounts due them, whether he had converted any of the assets into money or not. We think this would be a harsh and unjust doctrine, and not within the intention of the statute. There is no good reason why the legatee should be in any better situation with regard to the time when the legacy should be paid, by the filing of the residuary legatee's bond, than she would be if the executor had filed the ordinary executor's bond. It was not intended by the statute that either creditors or legatees should receive any greater benefit by way of accruing interest in one case than in the other. There are good reasons in both cases why the general legacies are not due or payable until one year from the granting of letters testamentary. This time is allowed to enable the executor to collect the assets and convert them into money for the purpose of paying the debts and legacies. In this

respect there was no error in the ruling of the court below. For the errors mentioned the judgment is

Reversed, and a new trial ordered.

The other Justices concurred.