CASE 26—PETITION EQUITY—MARCH 27.

# Chambers' Guardian v. Chambers.

APPEAL FROM HENDERSON CIRCUIT COURT.

INTEREST ON LEGACY.—A testator devised to his granddaughter one thousand dollars, "to be held by my executors hereinafter named, but not to be paid until my estate shall be finally divided. My executors shall hold said one thousand dollars in trust for her, and pay her the interest annually on said amount until she shall have issue born alive, and in the event she shall die without issue, then the same shall revert to my estate and be equally divided among my children." *Held*—That as no time is expressly stated when the executors were to take and thenceforth hold the fund in trust for her, the necessary conclusion is, that the testator intended it to be done within a reasonable time after, by qualifying, they acquired the legal right to take and hold it, which, in analogy to section 2, article 2, chapter 50, General Statutes, should be fixed at one year after the death of the testator, and a fair construction of the will gives to the legatee the right to interest on the legacy from that time.

YEAMAN & LOCKETT FOR APPELLANT.

The legatee is entitled to interest on the legacy annually without awaiting a final division of the estate. (Williams on Executors, pages 1226, 1227; Smith's Ex'r v. Field, 6 Dana, 361.)

MONTGOMERY MERRITT AND JAMES F. CLAY FOR APPELLEE.

Brief not in record.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The question in this case is from what time the legacy of one thousand dollars, devised to Beulah Chambers by her grandfather, Boyd Chambers, began to bear interest, the decision of which depends upon the twelfth clause of his will, as follows:

"I give and bequeath to my granddaughter, Beulah Chambers, one thousand dollars, to be held by my executors hereinafter named, but not to be paid until

my estate shall be finally divided.  My executors shall hold said one thousand dollars in trust for her, and pay her the interest annually on said amount, until she shall have issue born alive, and in the event she shall die without issue, then the same shall revert to my estate and be divided equally among my children, or their descendants, named in the tenth section of this will. This amount shall be in full to the said Beulah of all or any interest in my estate."

There is obviously a difference between the time the legacy was intended by the testator to be separated from the general estate, and thereafter held by the executors as a distinct fund in trust for her, and the time it was intended to be paid over to her.  The final division of the estate is prescribed as the time or event when the legacy is to be paid, not to the executors who already have it, but by them to her, and can not, without perverting the language used,. be made to apply to any thing else directed by that clause of the will to be done in reference to it.  For the plain direction is, that the fund devised *is to be held* by the executors, *but not paid* until the estate shall be finally divided. In the second sentence of the clause quoted, the executors are again directed to *hold*, not one thousand dollars as part of the general estate, but "said one thousand dollars" in trust for her, and to pay her the interest annually on said amount, not from the date of the final division, but during the time they were authorized to hold it in trust, and until she shall have issue born alive.  There may be some doubt whether or not the testator intended the principal sum should be paid over to her upon a final division

of the estate, in case she had then no issue born alive. But there is nothing in the will from which it can be fairly inferred it was intended to make the payment to her of interest await or depend upon either the final division of the estate which the widow, in virtue of other clauses of the will, has the power to practically postpone indefinitely, or the birth of a child alive from her. On the contrary, the language used shows the testator intended she should receive interest before the legacy becomes due and payable, otherwise the provision made for the payment of it would be useless, as the statute makes a legacy bear interest after it becomes due. No time being expressly stated when the executors were to take, and thenceforth hold the fund in trust for her, the necessary conclusion is, the testator intended it to be done within a reasonable time after, by qualifying, they acquired the legal right to take and hold it, which in analogy to section 2, article 2, chapter 50, General Statutes, should be fixed at one year after the death of the testator. And, in our opinion, a fair construction of the will gives to Beulah Chambers the right to interest on the legacy from that time.

It seems to us the thirteenth clause of the will, quoted by counsel for appellees, sustains the views we have expressed. It is as follows: "I give and bequeath to my daughter, Matilda Hicks, one thousand dollars, which amount shall be paid to her when my land shall be sold, or my estate divided as herein provided, and this amount shall be in full of her interest in my estate."

Clearly Matilda Hicks will not be entitled to inter-

est on her legacy until it becomes due, because no provision is made for the payment of it to her. Yet if the construction of the twelfth clause contended for be correct, Beulah Chambers is in no better position, although the executors are expressly directed to pay interest on her legacy.

We do not think it was necessary to make any statement in the petition in regard to the indebtedness of the estate in order to present a *prima facie* right to recover.

The judgment sustaining a demurrer to the petition and dismissing the action is reversed, and cause remanded for further proceedings consistent with this opinion.