Williams, J.
In the disposition of the case, the relation of an administrator -with the will annexed, to the estate he represents, and his duties and obligations to legatees, may be regarded as not different from those of an executor of the will. The question is therefore presented, whether the obligation of an executor to paj' a general pecuniary legacy, after it becomes due and payable, and there is sufficient money in his hands applicable thereto, constitutes such a trust as will prevent the lapse of time from operating as a bar to an action for its recovery. In the determination of the question, it is not important whether the right of action accrued before the adoption of the civil code, or afterward; since, that provision now contained in section 4974 of the Revised Statutes, which excepts cases of continuing and subsisting trusts from the limitations upon the time within which actions may be commenced, is but the legislative enactment of the rule which had theretofore existed. It is well settled since the code, and was so before, that only those cases of technical, continuing, and subsisting trusts which are within the proper, peculiar, and exclusive jurisdiction of courts of equity, are exempt from the operation of statutes of limitation. Paschall v. Hinderer, 28 Ohio St., 568; Yearly v. Long, 40 Ohio St. 27; Douglas v. Corry, 46 Ohio St., 349. Other trusts, *10 which might be the ground of an action at law, have always been subject to such statutes. Okey, J., in Carpenter v. Canal Co., 35 Ohio St., 317, and cases above cited.
Courts of equity originally took jurisdiction of suits tO' administer and distribute the estates of deceased persons, only, where discovery of assets was necessary, special trusts were involved, or the rights of married women, infants, and others under disability, were affected; but eventually came to exercise jurisdiction generally, though not exclusively, in -the administration of estates. Suits to recover legacies were embraced in that jurisdiction. With respect to them, some courts held, that the executor could not be sued at law unless he assented to the legacy; his assent being considered equivalent to an admission of assets. If he did not assent, a court of equity was regarded as the appropriate jurisdiction, because it could take control of the whole subject matter of the distribution, and so mould its orders and decrees as to protect the executor and parties in interest, by requiring the legatee, when necessary, to give bond wdth sureties to refund any part of the amount paid him. The power of protecting the executor in that mode, was conferred on courts of law in this state, by the act of March 23, 1840, Swan’s Statutes, (1841) 360, when payment of a legacy was required within the time allowed creditors to prosecute actions on their claims; and that provision, has ever since continued to be a part of the statute law of the state. The act also enjoined upon executors and administrators, the duty of converting the assets into money, paying the creditors, and making distribution to the legatees and other distributees, according to their respective rights; and since that act, the assent of the executor to the legacy has no longer been, if it were before, requisite to an action at law by the legatee; nor, has resort to equity for the recovery of the legacy been necessary, except, it may be, in special cases involving grounds for other relief. In Pomeroy’s Equity, sec. 187, that author says: “In the same general class of pecuniary reliefs belonging to th'e concurrent jurisdiction, and united together by a tie of close analogy, are suits for the recovery of legacies, suits for the recovery or enforcement *11 of donations causa mortis, and the various suits, involving some equitable feature or incident, brought in connection with or in aid of the administration of the estates of deceased persons. Although the administration of decedents’ estates has, in this country, been committed to courts of probate, and the former jurisdiction of equity to entertain ‘administration bills’ for the complete and final settlement of such estates does not practically even if nominally exist, still there are many special cases belonging to the concurrent jurisdiction in which suits may be brought to obtain pecuniary recoveries against executors and administrators, in the process of and connected with their work of administering and settlement.”
Actions for the recovery of pecuniary legacies being within the concurrent jurisdiction of courts of law and equity, statutes of limitation have been held to be applicable to them in either tribunal. As said by Johnson, J., in Paschall v. Hinderer, 28 Ohio St., 577: “In all cases where there was a concurrent jurisdiction of the courts of law and equity for breaches of trust, the rule was well settled that the equitable action was barred in the same length of time as the action at law.” In speaking of the defense of the statute of limitations in such cases, Story, J., in Pratt v. Northman, 5 Mason, 95, says: “In cases of concurrent jurisdiction it is clear, that courts of equity are bound by the statute of limitations equally with courts of law. That was the doctrine of Rord Redesdale, in Havenden v. Lord Annesley, 2 Sch. & Lefroy R., 607-630, and of Mr. Chancellor Kent, in Kane v. Bloodgood, 7 John’s Ch. R. 90. There are other cases, not of concurrent jurisdiction in which the statute of limitations is applied by courts of equity by way of analogy to the law, in which courts of equity follow the law, and give effect to its regulations upon equitable titles. In this last class of cases equitable exceptions may well be admitted and justified, because the bar is furnished by the court itself, and stands upon no positive legislation.”
In some of the states it is held, that independent of statutory permission, an action at law may be maintained to re *12 cover a legacy, when the executor has assets applicable thereto. Weeks v. Sowles, 58 Vt. 696; Prescott v. Morse, 62 Me. 447; Colt v. Colt, 32 Conn. 422. In other states, statutes have been enacted, providing for such action. In this state, as early as 1816, a statute was passed giving an action of debt on the bond of an executor or administrator, to any person injured, and authorizing the executor or administrator or his sureties to plead any matter which might be pertinent in their defense. Swan’s Statutes (1841) p. 162. And the act of March 23, 1840, Swan’s Statutes (1841) p. 373, provides, that suit may be brought on the executor’s bond, by a legatee, when he is entitled to the payment of his legacy; and that provision has been retained in the statutes of the state. The legacy is payable by forcé of the will. The amount payable is definitely fixed by it. And it needs no assent to, or allowance by, the executor to establish the legatee’s right, nor any order or judgment to ascertain the sum due on the legacy.
It was found, as a fact, by the circuit court, that in May, 1848, the administrators of the Weddell estate, had in their hands, “money applicable thereto, sufficient to pay” the legacy given by the will to the plaintiff. “Money applicable” to the payment of the legacy, means money which the plaintiff was entitled to have applied in payment, and imports that there were no debts or other obligations having preference over the legacy, to prevent the proper appropriation of the money in the hands of the administrators to its payment, or delay its recover}’- by the legatee. It was unimportant to the plaintiff’s right of action to recover the legacy, that the will imposed special trusts upon the administrators in the management and disposition of the real estate, or other particular property. They were charged with no trust with respect to the legacy, either in its custody, management, or control, and none existed, except in the broad sense, that a trust may be said to arise -whenever one man has in his possession money belonging to another which he is under a present obligation to pay over. The duty of paying the legacy belonged to the administrators, as such, and not as trustees of a continuing trust. In the case of the *13 American Bible Society v. Hebard, 51 Barb. 552, which was affirmed by the Court of Appeals, 41 N. Y. 619, a bequest was made of $1,200, which the executor was directed to invest in the purchase of a dwelling for the testator’s widow, to be held by her during her life in lieu of dower, if she elected to take under the will; and at her death, the dwelling was to be sold, one-half the amount paid to the plaintiff, and the other half to a missionary society. The widow died before the money was invested, without electing to take under the will. The court held, that the right of the plaintiff and the missionary society to the $1,200 vested at once on the death of the widow, and an action accrued to them within one year thereafter; and no suit having been brought within six years thereafter by the plaintiff, the action was barred. The court said: “Where there is a strict technical and continuing trust which is cognizable only in a court of equity, no lapse of time will bar the claim of the cetui que trust. But this rule is confined strictly to cases of that character. That this is no such case seems to me extremely clear. There can, I think, be no reasonable doubt that this claim was cognizable in a legal action. Indeed such is clearly the character of the action brought. It is to recover a specific sum of money, bequeathed, and not to enforce a trust as such.”
We are of opinion that the plaintiff’s case is not one of a continuing and subsisting trust, against which statutes of limitation do not run; and the bar of the statute, if complete, was a valid defense to the action below. And, we think the fact that the plaintiff had not actual notice of the legacy, or the will, did not prevent the running of the statute. The will was a matter of public record, and the administrators gave the notice, by publication, of their appointment and qualification, required by law. The plaintiff had the same means of knowledge as other persons interested in the estate, and like all other persons was bound to take notice, unless there was some contrivance to prevent inquiry, and that is not claimed. Douglas v. Corry, 46 Ohio St., 354. Nor, did the order for the final settlement and distribution of the estate, made by the probate court on the 10th day of *14 March, 1884, operate to revive the'plaintiff’s right of action, if theretofore barred, or otherwise establish its validity, or deprive the administrator of any legal defense then existing to it. That court was without jurisdiction to determine the state of accounts between the administrator and legatees or distributees, and did not undertake to do so. It could only make a general order for distribution according to law, of any balance in the hands of the administrator, leaving the rights of the parties with respect to it, to be inquired into when the distribution was sought to be enforced. Cox v. John, 82 Ohio St., 532. As said by Scott, J., in that case, the settlement in the probate court “had relation only to the accounts between the administrator and the estate; and not to the state of accounts between him and the several distributees.” Distribution according to law, is distribution only to such parties as have lawful claims; and hence, the order of distribution referred to, did not have the effect of precluding the administrator from setting up the statute of limitations, or any other legal defense, to the plaintiff’s action. Nor, was it necessary he should resign, or renounce administration, in order to set the statute running, or make its bar available as a defense. Neither did the fact that other legacies had been settled before, or after they were barred, prevent him from interposing that defense to the plaintiff’s claim.
We are aware that it has been held by the courts of New Jersey, and, it may be of some of the other states, that notwithstanding courts of law have concurrent jurisdiction with courts of equity in suits to recover legacies, the statute of limitations is no defense in either court. And some courts and authors have declared that the plea of the statute lias never been known in suits against executors. But we think the better rule, the one sustained by the better reason and authority, is that airead}1' stated as having obtained in this state. Our law favors the prompt and speedy settlement and distribution of estates, and has provided adequate remedies and procedure for the accomplishment of that result. Eimitations upon the commencement of actions against executors and administrators, are not more for their, protection, *15 than for the security of the estates of deceased persons, and the repose of rights and titles derived from and through them.
The statute of limitations being available as a defense to the plaintiff’s action, the inquiry arises, when did the right of action accrue, and what lapse of time is necessary to bar it? The general rule adopted by the English courts of chancery, and in many of the American states, is, that pecuniary legacies become due and pajmble one j^ear from the death of the testator, and they accordingly bear interest from that time, unless a different time of payment is to be derived from the will. Wood v. Penoyre, 13 Vesey, 333; Rotch v. Emerson, 105 Mass. 431; Kent v. Dunham, 106 Mass. 586; Wheeler v. Hathaway, 54 Mich. 547; In re Spencer, 16 R. I. 25; Chambers v. Chambers, 87 Ky. 144. This rule, it is said by Eord Chancellor Redesdare, in Pearson v. Pearson, 1 Sch. & E- 10, was taken from the practice in the ecclesiastical courts, where a year was given the executor to collect the effects, and he could not be called upon before that time, because he could not know what fund there was, with which to pay. And in Wheeler v. Hathaway, supra, it is said, that “for convenience, the law, in the absence of statutory regulation, has prescribed the general rule that where no time of payment is named by the testator, and in the absence of any intention to be inferred from the will itself, such general legacies shall be raised and satisfied out of the testator’s personal estate at the expiration of one jmar next after his death. * * * This rule was founded on the principle that the assent of the executor to the legacy was essential before the title of the legatee to the legacy became complete. * * * The civil law fixed for the purpose a }^ear from the testator’s death as the time when the executor’s assent is presumed and when the legacy is payable. This rule has quite generally been adopted by the English courts. In the American courts, in the absence of statutes regulating the subject, legacies are regarded as due and payable at the end of the j-ear from the death of the testator. But in those states where statute or the judge of probate allows a year in which to pay debts and legacies, such legacies are not due until the end of a j-ear from granting letters testamentary, *16 and the interest should be computed from that time.” The legacy being due and payable at the end of the year, like other overdue pecuniary obligations, bears interest from that time. This rule is stated by the supreme court of Michigan in Wheeler v. Hathaway, in the following language: “As a general rule, interest is payable on money on the ground of delay in paying the principal; and with respect to legacies it is payable on them from the time they are actually due.” There are many cases to the same effect.
It is not necessary now to determine how far, if at all, the rule is affected by our legislation, which makes it the duty of the executor or administrator to collect the assets of the estate within one year after the date of his bond, but authorizes the court of probate to extend the time for that purpose from year to year, not exceeding, in all, five years from the date of the bond. It was held by the Supreme Court of Rhode Island, in the Spencer case, supra, that where the will gave the executors five years in which to settle the estate, they could not be sued for the payment of legacies until the expiration of five years from the time of their appointment. Whether onr statute should have a like operation, need not now be decided; for if given that effect, it would not postpone the maturity of the legacy beyond the period to which the time for the collection of the assets should be extended.. By other provisions of the statute in force when the administrators of Weddell’s estate were appointed, they were required to “proceed with all diligence to pa}r the debts of the deceased,” and to that end, it became important that creditors should present their claims within a 3rear after the notice given by publication of the appointment of the administrators; for, having given such notice, no suit could be commenced against them by an3>- creditor, after four years from the date of the administration bond, unless new assets came to their hands, or the creditor’s claim matured after that time. The statute contained the further provision already referred to, that if the executor or administrator should be required by anyr legatee to make payment of his legacy within the period last above mentioned, the court might require the legatee to give bond, ■ with sureties, to refund so much of the amount paid as might be necessary to *17 indemnify the executor or administrator against loss or damage on account of such payment. It may be fairly inferred from the statute, that a legatee can sue for the payment of his legacy before the expiration of the four years; but when he does, he may be compelled to give the bond and security therein provided for. The reason for fixing that period within which such a bond may be required, evidently was, that, as creditors might at any time within the four years sue the executor for debts dpe them, the amount paid the legatee might be needed to satisfy such creditors; and the bond was therefore necessary, or at least proper, for the protection of the executor. But not being liable to the suit of creditors after that period, the right to the payment of the legacy is then absolute, without such bond, or other qualification, if the executor have sufficient assets applicable thereto. And such, as we understand it, is the effect of the decision in Dawson v. Dawson, 25 Ohio St., 443.
The circuit court appears to have held, in accordance with the generally recognized rule, that the legacy bequeathed to the plaintiff became due at the end of the year from the appointment of the administrators; they then having, as that court found, assets applicable to the legacy sufficient for its payment; and, interest was accordingly allowed from that time. If that be.accepted as correct, the plaintiffs’ right of action for the non-payment of the legacy was then complete. And in any view that may be taken of our statutes, the cause of action accrued, not later than four years from the date of the administration bond. That would be the 17th day of May, 1851, before the adoption of the civil code, and the limitations prescribed by it, upon the time of commencing actions, would not apply. The case must be governed by the statute in force when the cause of action accrued. Revised Statutes, sec. 4974. It does not become important to determine by what particular provision of the statute the case is governed, for it is obvious the action was barred, if given the benefit of the provision allowing the longest period which could be extended to it. The action was not commenced until the 16th day of January, 1886.
*18 We are also of the opinion, that if the plaintiffs action was not strictly within any provision of the statute of limitations, or if the statute was not applicable to it at all, the claim was a stale one when presented to the assignee. It has long been established that equity will refuse 'its aid, independent of the act of limitations, after great lapse of time. Reasonable diligence must be exercised in asserting their claims by those who seek the active aid of a court of equity. Tuttle v. Wilson, 10 Ohio 24.
In Tatam v. Williams, 3 Hare, 347, a bill by a surviving partner, against the executor of a partner who had died thirteen years before the institution of a suit for an account of the partnership dealings and transactions, charging that the deceased partner was indebted to the firm at the time of his death, was dismissed with costs, on the ground of the lapse of time; no new liabilities of the former partnership appearing to have arisen or become known, after the death of the deceased partner. In Baker v. Read, 18 Beavan, 398, a bill, after seventeen years, to set aside a purchase of the testator’s estate by his executor, at an undervalue, was dismissed on the ground of delay, although the court was clear that the sale, if recent, should be set aside. In Tuttle v. Wilson, supra, the claim of a widow for dower was held stale after the lapse of twenty-one years. Arid see Campbell v. Graham, 2 Clark & Fin. 429; Car's Administrator v. Chapman, 5 Leigh. 174; Stamper's Administrator v. Garnett, 31 Gratt. 550.
In the case before us, Horace P. Weddell was the residuary legatee under his father’s will, as well as one of the administrators of his estate; and after the resignation of Baldwin, was the sole administrator. He continued in the possession and control of the property, for upwards of thirty-seven years, contracting debts and liabilities, and finally made an assignment for the benefit of his creditors. During all that time, no demand was asserted by the plaintiff against him, or the property. If those who dealt with him, and gave him credit, were bound to take notice of the will, or actually knew of the bequest to the plaintiff, they might well presume, after the lapse of so long a time, that *19 the estate was settled, and the property in his possession was his own; and deal with him upon the faith of it. Having done so, and the property assigned being insufficient to meet the indebtedness due them, contracted probably upon the credit of that property, the demand of the plaintiff, then for the first time asserted, after the expiration of nearly forty years, does not make a persuasive appeal to equity.

Judgmetit reversed, and jtidgmentfor defendant.