J. J. BLACKMORE v. CYRUS E. PERKINS, JUDGE OF PROBATE OF KENT COUNTY.

*Estates of deceased persons—Bond of residuary legatee—Right of action—Allowance of claims.*

*Mandamus* will not lie to compel a probate judge to make an order allowing a creditor to bring a suit upon the bond of a residuary legatee, who is also sole executor, for the collection of a claim which has not been proved and allowed in the probate court.

*Mandamus.* Submitted April 4, 1893. Denied April 28, 1893.

Relator applied for *mandamus* to compel respondent to grant leave to bring suit upon a residuary legatee's bond. The facts are stated in the opinion.

*McGill & Scatcherd,* for relator.

*M. H. Walker,* for respondent.

Long, J. This is a petition for *mandamus*, in which it is alleged substantially that on February 4, 1891, Harm J. Stad died testate in the county of Kent. His last will and testament was admitted to probate on March 12 thereafter. At the time of probating said will, Jakob Stad, of the city of Grand Rapids, was appointed executor. By the terms of the will Jakob Stad was residuary legatee thereunder, and he filed with the probate court of that county a residuary legatee's bond, as provided by section 5836, How. Stat., which bond was duly approved by the probate court, and Jakob Stad became possessed of the estate, rights, and credits of Harm J. Stad, deceased. No further proceedings appear to have been taken by Jakob Stad as such executor in the administration of said estate. The petitioner here, claiming that Harm J. Stad was indebted to him in the sum of $2,141.88 upon three promissory notes, made an application to Jakob Stad for the payment of his claim and demand, which was refused, and on the 14th of February, 1893, Jakob Stad applied to the probate court for an order fixing the time for proving claims against Harm J. Stad's estate, and the probate court made the usual order fixing six months' time for all persons having claims against such estate to present the same for examination and allowance before the probate court, and directing that all such claims be heard on August 14, 1893, before said court at 10 o'clock A. M., and that due notice of said hearing be given by posting and publication, as required by the statute. On March 2, 1893, the petitioner presented to the probate court a petition, duly verified, praying the court to grant leave to bring suit in the circuit court for Kent county on the residuary legatee's bond, in the name of the judge of probate, but for the use and benefit of the petitioner, as provided by law. This petition was denied.

An order to show cause was issued, and the probate

judge in his return admits the filing of the petition for leave to sue on the residuary legatee's bond, and the other proceedings, as alleged in the petition, but answers that he is advised and believes that the executor and residuary legatee is entitled to have the claims of all creditors presented for adjudication, and the right to postpone the payment of all claims against said estate until they are adjudicated and allowed, and that therefore no default had been made in the condition of the residuary legatee's bond at the time of filing the petition for leave to bring suit thereon. The probate judge further returns that there are other creditors who have claims against said estate, and that the value of the estate coming into the hands of the residuary legatee does not exceed the sum of $1,000.

The writ must be denied. It was said in *Lafferty v. Bank,* 76 Mich. 49, that—

" If commissioners on claims are appointed, no action can be brought against him [the residuary legatee and sole executor, who has given a residuary legatee's bond under the statute], except in a few specified cases, until the time limited for payment of debts has expired. And his individual property cannot be taken in execution upon a judgment against him as executor, at least until after the time for the payment of debts has expired."

In the present case the time for the payment of debts has not expired, and the probate court, instead of appointing commissioners on claims, has made an order that claims be heard before the court. Under the statute the residuary legatee can be charged upon the bond with such claims only as are proved and allowed in the probate court. The residuary legatee and the decedent's estate are still under the control of the probate court, as the claims and charges are against the estate of the deceased, under the rule laid down in *Lafferty v. Bank, supra,* and the bond is merely cumulative. The residuary legatee may or may not give the bond under section 5836, How. Stat. It is entirely

optional with him.    He may give the general bond under section 5835.    But, having given the bond as residuary legatee, he does not discharge the estate of the decedent's debts.    The debt is against the estate, and must be proved and allowed in the probate court.    When he gives the bond he takes his chances that the decedent's property may be sufficient; but he cannot be called upon to respond in a suit upon the bond for such debts until the probate court shall have first passed upon the claims against the estate. It was expressly held in *Wheeler v. Hatheway*, 54 Mich. 547, that the residuary legatee and sole executor had the full time to pay debts that he would have had if he had given the bond under the other section of the statute.

Writ denied, with costs.

The other Justices concurred.