Davis, J.
It has heretofore been a rule in Ohio, as elsewhere, that a general legacy shall bear interest at the legal rate from the end of the first year from the testator’s death, unless it shall be apparent that the testator did not so intend. In other words, it is an established rule of construction, in contemplation of which the testator is presumed to have made his bequest, and which will only be overturned when the testator clearly manifests a different intention. In this case, the circuit court, in view of the right of the legatee to require payment of his legacy at any time within four years after the executor or administrator has given bond for discharge of the trust, on first giving an indemnity bond to the executor or administrator (R. S., section 6128), seems to have held that the legatee was entitled to interest from the expiration of one year from the date of the bond of the executors. 15 C. C., 488; 8 Circ. Dec., 241.
The circuit court, however, actually found that the court of common pleas erred in refusing to render judgment for interest from the expiration of one year from the probate of the will.
Revised Statutes, Secs. 6062, 6040, 6106 and 6109, all seem to recognize that an executor should have at least one year in which to collect assets and to ascertain the condition of the estate. So that this ruling of the circuit court, although not exact, was *8 in accord with the principle that “in those states where statutes or the judge of probate allows a year in which to pay debts and legacies, such legacies are not due until the end of a year from granting letters testamentary, and the interest should be computed from that time.” Wheeler v. Hatheway, 54 Mich., 550; Webster et al. v. Bible Society, 50 Ohio St., 17.
The general rule of construction, as thus modified to harmonize with our statutes, is challenged here, by -the plaintiffs in error, on the following grounds: 1. That there was not at the end of the year1, nor at any time prior to November 4, 1895, a sufficient fund on hand for the payment of the general legacies. 2. Regardless of the amount of the assets, or of the amount of money in the hands of the executors, the general legacies were not due and payable, and did not begin to draw interest, until the order of distribution was made on the 18th day of August, 1896. Or, to put the last ground of objection in another form, “a legatee is not entitled to the payment of his legacy at the end of one year, or at any time until there has been an account and order of distribution.”
If the general rule which has been stated above, still prevails, and there were assets sufficient for the payment of the legacy and applicable thereto, although not collected, it avails nothing to say that the condition of the estate was such that payment of the legacy at that time was impracticable, or that the assets were not then convertible; for that would be equivalent to saying that a man should not pay -interest on his debt because he could not pay the principal when it became due. The whole theory of the rule which we have under discussion is, that interest should be allowed from the time when a legacy ought to be paid to the time when it is paid, as a compensation for the delay of payment; and the claim that interest should not be allowed because the executors *9 were not ready to pay the legacy when it ought to have been paid, and when the legatee could have compelled payment, on giving a bond of indemnity, is altogether untenable.
The further contention of the plaintiffs in error that a legatee is not entitled to the payment of his legacy at any time until there has been an accounting and an order of distribution, seems to us to be based on a misconception of the scope and purpose of Revised Statutes, sections 6195-6202. These enactments were designed to confer on the probate court and the court of common pleas the power of enforcing an order of distribution made by the probate court on the settlement of an account by an executor, administrator or guardian. Looking at their history and context, it will appear that they do not in terms, or by construction, exclude the remedy provided for a legatee by Revised Statutes, sections 6128 and 6211. They are merely cumulative to the latter sections. Dawson v. Dawson, 25 Ohio St., 443; Webster v. Bible Society, 50 Ohio St., 17.
It was held by this court in the last cited case that the cause of action on a general legacy accrues when, by the terms of the will or rules of law it becomes due and payable and the executor has sufficient assets in Ms hands applicable thereto. From that time, it wouid seem, interest should run; and, in the absence of direct legislation upon the subject, the general rule should be applied according to the analogies of our statutes. From the general tenor of the statutes we may gather that the executor could not be expected nor required to obtain control of. the assets and to reduce them to money, and to have obtained knowledge of the demands against the estate, in less than one year from the time of giving notice of his appointment. Hence a general legacy would not be both due and payable until after the expiration of one year from the date of notice of the appointment; nor, as it has already been shown, can *10 the time of payment be ordinarily deferred until settlement and distribution of the estate.
It remains that in none of the cited statutory provisions, has the hitherto prevailing rule as to interest on general legacies, been abrogated; nor has it in any manner become the subject of direct legislation. In applying the rule to this case, the circuit court, attempting to conform it to the analogies of the Ohio statute, held that “the court of common pleas erred in * * refusing to render judgment for interest upon the unpaid portions of the bequest mentioned in the said amended petition, from the expiration of one year from the date of the probate of the willbut inasmuch as the probate of the will,- the appointment of the executors and their qualification, were all on the same day, and the first publication of the notice of appointment was only five days later, we find no substantial error in the judgment of the circuit court, De minimis non curat lex. The judgment is

Affirmed.