## Elkins v. Thompson, et al.

.(Decided October 2, 1913).

## Appeal from Garrard Circuit Court.

1. Wills—Construction of.—Where a devise of testatrix' real estate was to her two sons, one-half of all of it to Isaac with the provision that if he died without issue, his portion shall vest in his brother John, as trustee, for the wife of John and her children, naming them; and the other one-half to John to be held in trust for his wife and children, and Isaac conveyed to his brother, John, all of his interest with the provision that at the death of the grantor the property shall descend as directed by the will, and Isaac for himself, and John for himself, and as trustee, for a valuable consideration, conveyed to the wife of John the entire estate, a conveyance of the property to E., by the wife and her husband, the children uniting therein, together with their husbands, perfected the title in E. and he should perform his contract of purchase.

2. Wills—Construction of—Conveyances.—No one other than the wife and three children of John, in whom this estate might vest, could object to the conveyance of Isaac, and they all having joined in the devise to appellant, his title is perfected.

GREEN CLAY WALKER for appellant.

J. E. ROBINSON for appellee.

Opinion of the Court by Judge Nunn—Affirming.

The question presented here is what estate did Isaac P. Thompson take under the will of his mother, M. A. Thompson?

In April, 1896, M. A. Thompson made her last will, and from it we quote clauses one, two and three which are the parts pertinent to this question:

"Clause 1. I devise and bequeath unto my son, Isaac P. Thompson, the undivided one-half of all my real estate and personal property and choses in action, and the other undivided one-half I devise and bequeath to my son, John C. Thompson, to hold in trust for the use and benefit of his wife, Sallie Thompson, and his children, Elizabeth, Mattie, and Mary, share and share alike.

"Clause 2. Said trustee shall have full power, authority and discretion to sell and convey any part, or all of said property, and to re-invest the same in real estate, stocks or bonds as he may deem best.

"Clause 3. If my son, Isaac P. Thompson, die without leaving heirs of his body it is my will that the portion herein devised and bequeathed to him shall in that event, vest in my son, John C. Thompson, as trustee for the uses and benefits in like manner as the property devised and bequeathed to him in clause first."

The will was probated in 1902 in Garrard County. It will be seen from the will that she left all of her property to her two sons, Isaac P. Thompson and John C. Thompson, as trustee. That part of it left to Isaac P. Thompson was in fee and without reservation or limitation, except as provided in clause three. That clause provides if he should die without leaving heirs of his body, meaning children, then his portion of the estate would vest in her son, John C., in trust, and for like uses and benefits as the other portion of her estate came to him under the first clause of the will.

By again referring to the first clause, it will be seen that John C. Thompson took none of the estate in his own right. It came to him merely as trustee for the use and benefit of his wife, Sallie S. Thompson, and his three children, Elizabeth, Mattie, and Mary, all sharing alike.

In December, 1902, Isaac P. Thompson executed and delivered to his brother, John C. Thompson, a deed conveying to him in trust all his undivided interest in the estate of his mother which he took under the will, and which consisted, among other things, of a block of build-

ings known as the "Thompson Block," situated in the city of Lancaster, Kentucky. The consideration for this deed was $1, and John C. Thompson's agreement to manage the property, pay all taxes, insurance, and keep up the necessary repairs, and account to Isaac P. Thompson for the residue of the income arising from the rent of the property. The deed also provided that at the death of Isaac P. Thompson "said property to descend as directed in Martha A. Thompson's will."

On the 22nd day of June, 1907, Isaac P. Thompson for himself and John C. Thompson for himself and also as trustee for Isaac P. Thompson, for a cash consideration of $2,500, sold and conveyed to Sallie S. Thompson, wife of John C. Thompson, the entire estate, describing it, which they acquired under the will of their mother, M. A. Thompson. Of the property so conveyed was the Thompson Block in the city of Lancaster.

In May, 1913, the appellant, Elkins, contracted with the appellee, Sallie S. Thompson, to purchase the Thompson Block in Lancaster for $5,000, and the appellees agreed to prepare and tender deed on June 1st, or as soon thereafter as practicable, conveying to appellant fee simple title to the property. On June 1st, Sallie S. Thompson and her husband, both for himself, and as trustee for his wife and three daughters named in the will, tendered to appellant deed for the property. The three daughters being then adults and married, joined in the deed with their husbands.

Appellant admits that the title tendered is good and sufficient for that part of the land which John C. Thompson held as trustee for his wife and three daughters, but he objects to the title to that part which was devised to Isaac P. Thompson, and refuses to accept the deed for that reason.

Appellees sued him for specific performance of the contract of purchase. The court sustained demurrer to appellant's answer and adjudged that the title tendered by appellee was a fee simple. From this judgment Elkins appeals.

Except as qualified by clause three, Isaac P. Thompson took a fee simple, but with that qualification it became a defeasible fee. That is, the fee might be defeated should he die without children. If Isaac P. Thompson took a fee simple under the will, he divested himself of it by the deed to the appellee, Sallie S. Thompson. There is no question in this case of a life estate in Isaac

P. Thompson, or a remainder over to his children. If he dies childless, by clause three of the will his estate vests in the three children and the wife of John C. Thompson. If he dies leaving issue, then under the will his children take by inheritance, and not under the will. In other words Isaac P. Thompson takes a defeasible fee, and this fee may be defeated on one contingency, that is death without issue.

It appears from the record that Isaac P. Thompson is still living, but without issue. The possibility of issue is raised as an objection to his conveyance. If he had issue living, or died leaving issue, his issue could not object to any alienation of the property by their father, for under the will they have no interest in it. It seems to us that no one can raise a valid objection to a conveyance on the part of Isaac P. Thompson other than the three children and wife of John C. Thompson, in whom his estate might vest; but they have all joined in this conveyance to the appellant, and in that way the title is perfected in him, and he should perform his contract of purchase. Bradshaw v. Williams, 140 Ky., 160; Harvey v. Bell, 118 Ky., 512.

The devise to Isaac P. Thompson comes under the description of the fourth division of the Harvey case, supra.

For the reasons indicated the judgment is affirmed.