This appeal involves the construction of a portion of the will of Nancy C. Howlett, deceased. From the determination of the probate *Page 598 
court of Wayne county an appeal was taken to the circuit court; and from the decision of that court LaVern Anderson, one of the beneficiaries under the will, has appealed to this court.
Mrs. Nancy C. Howlett left surviving her one son and two daughters. During her lifetime the testatrix had made advancements to each of her three children. In paragraph 7 of her will she set forth specifically the advancements made to each. There is no controversy about the total advancements each received. The amounts are as follows:
 To the daughter Pearl M. Larges, $1,800; To the son Fred H. Howlett, $6,776.30; and To the daughter LaVern Anderson, $12,398.60.
After specifying the advancements to her respective children, the testatrix in paragraph 7 of her will provided:
"And whereas, I desire to make as far as possible and practicable, an equal distribution of my estate to my children, or those who may take through them by representation, * * *
"Now therefore, I give, devise, and bequeath to each of those who have received the smaller advancements, as above determined, a sufficient sum of money, that with their respective advancements, shall equal the largest of said advancements. * * *
"I give, devise and bequeath all the rest, residue and remainder of my property and estate, * * * to my children, Fred H. Howlett, Pearl M. Larges, and LaVern Anderson, in equal shares to be theirs absolutely and forever."
Practically the sole asset of Mrs. Howlett's estate consists of the vendor's interest in a land contract under which the vendee is not obliged to pay the unpaid portion of the purchase price, amounting to *Page 599 
$43,000, until August 11, 1939. Interest on the unpaid portion of the purchase price is payable quarterly at the rate of six per cent. per annum. Because of the situation just above noted funds are not presently available in this estate with which to equalize the advancements made to the respective children of testatrix. It follows that payments necessary to such equalization will be deferred as to one or more of the beneficiaries. This has led to a controversy as to the proper method of distributing such funds as come into the possession of the executor from time to time.
It is the contention of the executor and appellee herein that available funds should first be paid to Pearl M. Larges until such payments added to advancements already made to her total $6,776.30, the amount of the advancements to Fred H. Howlett; and that thereafter payments should be made in equal amounts to Pearl M. Larges and to Fred H. Howlett until the amount so received, together with previous advancements to each, total $12,398.60, which is the amount of the advancements made to the daughter LaVern Anderson prior to the death of testatrix; and that thereafter distribution of the assets of the estate should be in equal amounts to each of the three children. And it is further claimed by the executor that beginning 18 months after the death of Mrs. Howlett interest at the legal rate should be paid to Pearl M. Larges and Fred H. Howlett on the unpaid sums required to equalize advancements. The holding of the circuit judge was in accordance with the foregoing contention.
On the other hand, appellant's contention is thus stated in her brief:
"The amounts received by the three children prior to the death of Nancy C. Howlett were advancements, *Page 600 
therefore, must be taken into hotchpot before division is made."
"Collation and Hotchpot Defined. Hotchpot is the bringing into the estate of an intestate an estimate of the value of advancements made by the intestate to his or her children, in order that the whole may be divided in accordance with the statute of descents." 18 C. J. § 240-B, p. 927.
If appellant's proposed method were adopted it would result in assuming that the total of the advancements made by Mrs. Howlett to her respective children constituted a part of her estate. Thereby the amount of the estate would be increased from approximately $43,000 to something in excess of $80,000. Thereupon an equal distribution of the total estate would be made among the three children but from the share of each there would be deducted the advancements previously made by the testatrix to such child. As pointed out in appellant's brief, this would result in distribution being made on the following basis: 42.11 per cent. to Pearl M. Larges, 33.70 per cent. to Fred H. Howlett, and 24.19 per cent. to LaVern Anderson.
Appellee objects to this method and urges that collation or hotchpot is resorted to only in cases of intestate estates; that the method is not in accord with the provisions of Mrs. Howlett's will; that it would result in unequal distribution in that LaVern Anderson already has the present enjoyment of that portion of the estate advanced to her during her mother's lifetime, while the other two children would receive a corresponding portion of the mother's estate only through payments which will be deferred for a substantial period of time.
Confessedly it is the duty of the courts to carry out as nearly as possible the intent of a testator or *Page 601 
testatrix as to the distribution of an estate insofar as such intent has been expressed in the lawful provisions of a will. Always the intent of the testator or testatrix is to be gathered from the four corners of the will. Gardner v. CityNational Bank Trust Co., 267 Mich. 270; In re Stuart'sEstate, 274 Mich. 282.
The testatrix in paragraphs 3, 4, 5 and 6 of her will made specific pecuniary bequests. In the 7th paragraph, after reciting advancements made to each of her three children, she provided, as quoted above: "I desire to make, as far as possible and practicable, an equal distribution of my estate to my children." In an obvious effort to accomplish equalization of advancements she directed in this paragraph of her will that each of her children should be charged with "accrued interest from the date of advancement to the date of my death at five per cent. per annum." She then provided in this same paragraph, as in the earlier pecuniary bequests in her will:
"I give, devise, and bequeath to each of those (of my children) who have received the smaller advancements, as above determined, a sufficient sum of money, that with their respective advancements shall equal the largest of said advancements."
We think this provision constitutes a pecuniary bequest to each of the two children who had received lesser advancements; and that the amount of each of these bequests was such as would result in their respective advancements plus their respective bequests equaling the advancements made to the third child (LaVern Anderson) during the lifetime of testatrix. If estate funds were presently available with which to consummate such equal distribution there could *Page 602 
scarcely be room for controversy. As to the justice and equality of the method of distribution, and of its being in accord with the intent of the testatrix, complaint on the part of appellant seems to arise largely, if not wholly, from the contention of appellee that the estate should be charged with interest on deferred payments of pecuniary bequests.
We think in the instant case, in order to carry out the testatrix's intent of equality as between her children, it is necessary that interest should be allowed incident to the deferred payment of the pecuniary bequests to Pearl M. Larges and Fred H. Howlett. Otherwise LaVern Anderson, because of her present enjoyment of the larger advancements to her, will share more favorably in the estate. Under statutory provision of this State it is contemplated that an executor or administrator shall pay debts and legacies within such time as the probate court shall order "which time shall not, in the first instance, exceed one year and six months." 3 Comp. Laws 1929, § 15694.
"The statute fixes the time for disposing of the estate and paying the debts and legacies as one year and six months."In re Young's Estate, 144 Mich. 663.
See, also, Wheeler v. Hatheway, 54 Mich. 547.
The holding of the circuit judge was correct that the legacies to Pearl M. Larges and Fred H. Howlett should draw interest at the rate of five per cent. per annum "from and after one year and six months after the issuance of the letters testamentary to the executor, until paid."
The determination of the circuit judge was in accord with and justified by the terms of Mrs. Howlett's will. It is, therefore, unnecessary to pass upon *Page 603 
appellee's contention that the theory or doctrine of hotchpot or collation does not apply to testate estates. The judgment entered in the circuit court is affirmed, with costs to appellee.
FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.