PENNY *v.* MAYER.

WILLS—ESTATES CREATED—LIFE ESTATES—FEE SIMPLE—DEFEASIBLE FEE.

> Decree that will, devising life estate to testator's wife and after her death dividing the land and conveying a portion to each son and his heirs and further stating it to be testator's will that each son should have income from inheritance during lifetime but if either died without children then survivor should have inheritance, created life estates in sons, is reversed and *held*, to create a fee title in the sons for their respective portions, the court being equally divided as to effect of words relative to life income to sons, BUSHNELL, SHARPE, POTTER and CHANDLER, JJ., being of opinion testator made ineffectual attempt to create in them life estates and remainders by implication; FEAD, C. J., and NORTH, WIEST, and BUTZEL, JJ., being of opinion will devised the estate in fee with a conditional determinable limitation or possibility of defeasance and not an estate upon condition.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted January 5, 1937. (Docket No. 12, Calendar No. 38,507.) Decided April 21, 1937.

Bill by Laurence A. Penny and Burton L. Penny against Roger W. Mayer, administrator *de bonis non* of the estate of E. G. Penny, and others for the construction of a will. From decree rendered, defendants William Thiede and wife, Franklin E. Bushman and Anna Manko appeal. Suggestion of death of Franklin E. Bushman. Reversed.

*Arthur J. Hass* (*Morris Garvett,* of counsel), for plaintiffs.

*Wilkinson, Lowther & O'Connell,* for defendants Fanny E. Bushman and James P. Wilson, executors

of the estate of Franklin E. Bushman, deceased, and Anna Manko.

*Frank I. Kennedy, Thomas P. Dowd* and *Miller, Canfield, Paddock & Stone,* for defendants Thiede.

BUSHNELL, J.   This is an appeal from a decree construing the last will and testament of E. G. Penny of Dearborn township, Wayne county, who died January 4, 1894.   The will was admitted to probate February 13, 1894, but the order closing the estate has never been entered.   Mr. Penny's wife, Oracy, predeceased him by a few days; he was survived by his two sons, George and Leander.   George Penny died in 1925 leaving several children, but neither George's estate nor his heirs were made parties to this matter.   Leander Penny was still living when the original bill of complaint was filed herein in 1928 by his two sons, Laurence A. and Burton L. Penny, but he died before the trial, having survived his wife, Leida, by a few months.

The will of plaintiffs' grandfather, E. G. Penny, purported to dispose of lands located in Dearborn and Taylor townships by devising suitable portions to his sons George and Leander.

Some years after the death of the testator, Leander Penny conveyed certain lands, which were included in his father's will, by quitclaim deed to his wife Leida; the various defendants in this cause, other than the administrator *de bonis non* of the estate of Penny and one Louis Greenspan, are subsequent grantees and holders of the record titles.

Greenspan took a quitclaim deed from plaintiffs in an attempt to protect their attorney's contingent fee contract and he was defaulted for nonappearance, an order *pro confesso* being entered as to him

and also as to other nonappearing defendants. The burden of the defense below and on this appeal was borne by defendants Thiede, Manko and the Bushman estate.

During the pendency of the cause, plaintiffs quitclaimed their alleged interest in the real estate to defendants Thiede, taking back a surety company bond from one Michael E. O'Brien, as principal, which Thiede says was accepted by plaintiffs in lieu of their property claims. Because of this bond, to which they are not parties, the Thiedes unsuccessfully sought to have the cause dismissed as to them. They claim the court erred in not granting their motion.

Defendants Manko and the executors of the estate of Bushman argue that proceedings will not lie in equity to construe a will when the sole question is the title to and the right to the possession of real estate devised under that instrument; nor when certain necessary parties in interest have not been joined as defendants, nor where the original of the will in question is not produced. Defendants state that plaintiffs offered an alleged copy of the will without proper proof of its authenticity.

All of the appellants join in the argument that the trial court was in error in holding that the questioned language of the will conveyed a life estate to plaintiffs' father, Leander.

The nature of the devise being determinative of all matters involved in the appeal, we will address ourselves to that question.

The language of the will, which reads as follows, does not indicate that the instrument was the handiwork of an experienced draftsman:

"I, E. G. Penny, of the township of Dearborn, county of Wayne and State of Michigan, of the age

of 74 years, I hereby revoke all former wills made by me, being of sound mind and memory and considering the uncertainty of this life, do therefore make, ordain, publish and declare this to be my last will and testament, that is to say:

"First: After all my debts are paid I will and bequeath unto my wife, Oracy Penny, all my estate, both real and personal, during her life, to have the land and the interest of the same to use as she thinks proper, after her death my homestead shall be divided as follows; to-wit:

"Commencing at the north end of the east one-half of the southeast quarter of section 32 in the township of Dearborn, commencing at the north end near the center of said lot, thence running south along the fence now standing at the highway, thence west along the center of said highway, opposite the lane running south by my barnyard, thence along the center of said lane and parallel with it to the township line;

"with the advice and consent of my wife, the heirs shall purchase a suitable monument, if I should not do it myself. The heir that tries to break this shall have but five dollars. I give to George B. Penny and his heirs, the land west of the line before described in my homestead, and the

"northwest quarter of the northwest quarter of section five in the township of Taylor, also one half of the money and effects

"I give to Leander Penny and his heir or heirs the land lying east of the line here described and

"Ten acres being in the township of Taylor, off the north end of the east one-half of the northeast quarter of section six, and one half of my money and effects.

"It is my will that George and Leander shall have the income of the inheritance herein described their lifetime, after the death of their mother, but if either of them should die leaving no children then the sur-

vivor shall have their share of the inheritance here described, both real and personal."

The rules of construction applicable to wills have been frequently stated in our opinions and are so well known that repetition at this time seems unnecessary. See *Bateman* v. *Case,* 170 Mich. 617; *In re Blodgett's Estate,* 197 Mich. 455; *Gardner* v. *City National Bank & Trust Co.,* 267 Mich. 270; *In re Stuart's Estate,* 274 Mich. 282; *In re Howlett's Estate,* 275 Mich. 596, and *Wansted* v. *Fisher,* 278 Mich. 68.

What was the intention of the testator as gathered from the four corners of the will?

By creating a life estate in his wife, Oracy, the testator indicated that he knew the proper language by which to devise such an estate. After giving the life estate to his wife, the testator said: "After her death my homestead shall be divided as follows, to-wit:" and immediately following, made a division of his realty and gave the property to "George B. Penny and his heirs," and to "Leander Penny and his heir or heirs." In the sentence making these gifts, the absence of any language indicating an intent to give his two sons less than fee simple estates, coupled with the fact that the testator knew the proper method of creating a life estate, negatives the contention that the two sons took only life estates.

The following sentence "It is my will that George and Leander shall have the income of the inheritance herein described their lifetime after the death of their mother but if either of them shall die leaving no children then the survivor shall have their share of the inheritance here described, both real and personal," is too vague and indefinite to warrant the

reduction of the fee simple estates to life estates. There is no disposition made in the will for the children of either George or Leander, should either die leaving children, and if life estates are created, there must follow a partial intestacy or remainders by implication.

It is significant that the testator created fees in George and Leander in unequivocal terms; it cannot be said that his claimed attempt to reduce these fees to life estates and remainders by implication, was clear enough to accomplish this result.

"Every devise of land in any will hereafter made, shall be construed to convey all the estate of the devisor therein which he could lawfully devise, unless it shall clearly appear by the will that the devisor intended to convey a less estate." 3 Comp. Laws 1929, § 13479.

Children of both George and Leander survived their ancestors, and it is unnecessary to determine what disposition is made by the will in the event that either "should die leaving no children."

Plaintiffs' ancestor, testator's son Leander, took a fee simple title in the lands in question. The decree below is reversed and one will be entered in accordance with this opinion. Costs to appellants.

SHARPE, POTTER, and CHANDLER, JJ., concurred with BUSHNELL, J.

WIEST, J. (concurring). I concur in the reversal and, in doing so, give full effect to every provision in the will.

The provisions of the will fall within long-settled law. It is elementary that, by will, an estate in fee may be devised subject to a specified conditional executory defeasance, and that such an estate is one

in fee because it will last forever if the specified ground of defeasance is discharged. The will devised the estate in fee with a conditional determinable limitation or possibility of defeasance and not an estate upon condition.

In *Elkins* v. *Thompson,* 155 Ky. 91 (159 S. W. 617), a mother, by will, devised and bequeathed to her son, Isaac, an undivided one-half of her real estate with the provision that, if Isaac died without leaving "heirs of his body," that portion, devised to him, should vest in her son John, as trustee, for the use and benefit of John's wife and children. The court held that Isaac took a defeasible fee; the fee to be defeated only by Isaac dying without issue.

In the case at bar, the devisee died leaving children and, therefore, there was no defeasance of the estate in fee devised by the will.

FEAD, C. J., and NORTH and BUTZEL, JJ., concurred with WIEST, J.